[S. F. No. 2190.  Department One. — October 11, 1901.]

## NAPA STATE HOSPITAL, by C. B. SEELEY, Treasurer, Appellant, v. RICHARD FLAHERTY, Respondent.

SUPPORT OF INSANE ADULT SON — COMMON LAW — STATUTORY ACTION AGAINST FATHER — REMEDY. — The right to maintain an action against a father for the support of his insane adult son did not exist at common law; and if it exists in this state, it is purely a creation of statute, and the remedy therefor must be only that expressly provided for in the statute.

ID. — REPEAL OF REMEDY — LOSS OF RIGHT. — If the remedy for a right created solely by statute is repealed while the right is still inchoate, and not reduced to possession or judgment, the right is thereby lost, provided the repealing statute does not contain a saving clause.

ID. — IMPROPER ACTION BY TREASURER OF STATE HOSPITAL. — The treasurer of the Napa State Hospital has no statutory power to maintain an action in the name of the hospital to compel payment by a father for the support of his insane adult son at the former insane asylum. If the right of action against the father, under section 8 of the Insanity Law of 1889 (Stats. 1889, p. 330), has not been repealed by the Insanity Law of 1897, it can only be enforced by the board of trustees or managers of the hospital, as the successors of the board of trustees of the insane asylum.

ID. — ACTION FOR DEMAND ACCRUING TO HOSPITAL — WANT OF JURISDICTION OF SUPERIOR COURT. — The right given to the treasurer of the state hospital to recover upon any cause of action accruing to the hospital cannot sustain an action by him in the superior court, where the treasurer has no authority to collect an amount sued for, which accrued to the state insane asylum, and the amount alleged which accrued to the hospital is less than three hundred dollars.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  James M. Seawell, Judge.

The facts are stated in the opinion.

Tirey L. Ford, Attorney-General, and George L. Hughes, for Appellant.

Gunnison, Booth & Bartnett, for Respondent.

COOPER, C. — The court below made an order sustaining defendant's demurrer to the amended complaint, and this appeal is from the judgment, for the purpose of reviewing the order.

The complaint alleges that one John L. Flaherty, the son of defendant, was duly committed to the state insane asylum at Napa by order of the superior court, where he was regularly detained, supported, and maintained in pursuance of said order; that he had not, at the date of said commitment, and has not since, had any wife, child, or children of sufficient pecuniary ability to support him at said asylum, and that defendant is of sufficient ability, and is liable, under section 8 of the Insanity Law of 1889 (Stats. 1889, p. 330), which reads as follows: "If indigent insane persons have kindred of degree of husband, wife, children, other than minors, father, or mother, living within this state, of sufficient pecuniary ability, who are otherwise liable, such kindred, in the order above named, shall support such indigent insane person by paying to the board of directors or board of trustees, as the case may be, of the asylum to which such insane person has been committed or removed, the sum per month fixed on by them, quarterly, in advance, for the maintenance and support of such indigent insane person, and such kindred, in the order above named, shall also pay for the clothing as the resident physician of such asylum shall from time to time furnish to such indigent insane person."

The demurrer was upon the grounds (among others) that the complaint does not state facts sufficient to constitute a cause of action, and that the plaintiff has not the legal capacity to sue. As we have concluded that the demurrer was properly sustained upon the latter ground, it will not be necessary to consider whether or not the complaint states facts sufficient to authorize the proper party to maintain the suit in the proper court.

Section 9 of the law of 1889 is as follows: "For a failure to perform the duty devolving upon such kindred under the provisions of this act, an action may be brought by the board of trustees or board or directors, as the case may be, of the asylum to which such insane person has been committed or removed, in their own names, against said kindred, in the order above named. Such action may be prosecuted in the superior court of any county in this state in which said kindred, or either of them, may reside, and in which the action shall be brought, which action shall be conducted throughout, and the judgment therein enforced, as in a civil action for the recovery of a debt."

The right to maintain any action against the father for the support of an adult child, if any such right exists, is purely a

creation of the statute.    No such right existed at common law.
If it be conceded that such right exists by virtue of section 8,
herein quoted, the remedy is given under section 9, which
authorizes the board of directors or board of trustees to bring
the action in their own names.

There is no question but that this would be so, if the law of
1889 were still in force in all its parts, and if it were the only
insanity law found in the statutes.    There is no claim made
that the law of 1889 authorized the treasurer of the asylum to
bring or maintain the action.    The legislature, however, by an
act approved March 31, 1897 (Stats. 1897, p. 311), known as the
Insanity Law, undertook to provide for the government of the
several asylums for the insane of the state, the admission of pa-
tients thereto, the names of the officers and assistants, and many
other matters of detail.    This latter act is divided into several
articles, and each article into many sections, taking up some
twenty-two pages of the statutes.    It expressly repealed all
acts and parts of acts in conflict with its own provisions.    It
certainly was an attempt at a revision of the laws relating to
the government and management of asylums for the insane.
Counsel for appellant say, in their opening brief, "When the
Napa state hospital came into existence by the laws of 1897,
the Napa state asylum no longer continued to exist.    The ends
for which it had been created no longer existed, and the laws
by which it had been created were expressly repealed by the
law of 1897.    If the act creating the Napa state asylum is re-
pealed, that institution no longer exists, and it necessarily
follows, as a legal sequence, that on the enactment of the
Insanity Law of 1897, the board of trustees of the Napa state
asylum, as such, went out of existence also, and by no legal
fiction can it be assumed that any authority which they once
possessed could survive them."

If we were to concede, as claimed by appellant's counsel in
their opening brief, that the entire act of 1889 was repealed by
the act of 1897,—and this court has very strongly so intimated
in *People* v. *King*, 127 Cal. 574,—then the right to recover of
defendant is lost.    It is a rule of almost universal application,
that, where a right is created solely by a statute, and is de-
pendent upon the statute alone, and such right is still inchoate,
and not reduced to possession, or perfected by final judgment,
the repeal of the statute destroys the remedy, unless the re-
pealing statute contains a saving clause.    (Sutherland on

Statutory Construction, secs. 162, 163; Endlich on the Interpretation of Statutes, sec. 478, and cases in notes.)

It was said by Tindal, C. J., in *Kay* v. *Goodwin*, 6 Bing. 576, 4 Moore & P. 341, that the effect of repealing a statute is "to obliterate it as completely from the records of the Parliament as if it had never passed; and it must be considered as a law that never existed, except for the purpose of those actions which were commenced, prosecuted, and concluded whilst it was an existing law."

This language was quoted with approval by this court in *Spears* v. *County of Modoc*, 101 Cal. 305, in which it was held that the repeal of an ordinance, pending an appeal from a judgment imposing a fine thereunder, had the effect to remit the penalty and destroy the judgment.

Counsel for appellant, in their reply brief, in order to avoid the result of what has been said, contend that the right which accrued to the trustees of the asylum under the act of 1889 has passed to and is now possessed by the Napa state hospital, under the law of 1897. They say: "A careful examination of all the statutes on the subject will demonstrate that, as we think, the Insanity Law of 1897 is not as comprehensive as is supposed. It does not contain all the law on the subject, and is, when carefully examined, seen to be, not a complete scheme containing all the law on the subject of the insane, but it is in fact intended to provide simply for the management of the institutions."

If it be conceded that the act of 1897 did not repeal the right that had accrued under the act of 1889, it must follow that it did not repeal the method of enforcing the right. The liability is claimed to exist under section 8 of the law of 1889. The method of enforcing the right is given by section 9. There is no reason why section 8 should remain unrepealed and section 9 be considered as repealed.

The board of trustees of the hospital is not abolished by the act of 1897. The act denominates the board as "trustees or managers," and says "such trustees or managers shall hereafter be termed managers." And it is provided that the act shall not affect the "salary of any officer elected by existing boards of trustees or directors of asylums of this state during their present term of office."

The right to maintain this action is claimed to exist under section 13 of article II of the act of 1897, which provides that

the treasurer may, with the consent of the attorney-general, bring an action, in the name of the hospital, to recover, for the use thereof, — 1. The amount due upon any note or bond in his hands, belonging to the hospital; 2. The amount charged and due, according to the by-laws of the hospital, for the support of any patient therein, or for the actual disbursements made in his behalf for clothing and traveling expenses; 3. Upon any cause of action accruing to the hospital.

Neither of the above subdivisions authorizes the treasurer to bring this action as to the amount claimed to have accrued under the act of 1889.

It is not due upon any note or bond. It is not due, according to the by-laws of the hospital, for that part of the amount claimed under the act of 1889. The cause of action, under the last-named act, did not accrue to the hospital, but if it accrued at all, it accrued to the board of trustees or directors of the Napa state asylum for the insane.

If the right to recover the amount due under the act of 1889 passed to the Napa state hospital under the act of 1897, the right to recover in the name of the trustees also passed to the said hospital. The treasurer can maintain no action on behalf of such hospital, except under express authority of the statute. If it be claimed that as to the portion of the claim alleged to have accrued after March 31, 1897, it accrued to the Napa state hospital, and that the treasurer has under said last-named act the power to recover the amount, still he cannot maintain this action, for the superior court has no jurisdiction. The amount, according to the amended complaint, that accrued after March 31, 1897, is $192.50. The superior court has no jurisdiction in such case. (Const., art. VI, sec. 5.)

The judgment should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Garoutte, J., Harrison, J., Van Dyke, J.