[S. F. No. 13168. In Bank.—July 24, 1930.]

ROSE CALLET, Respondent, v. G. ALIOTO, Appellant.

Cooley, Crowley & Gallagher, Cooley & Gallagher and Lasher B. Gallagher for Appellant.

Heller, Ehrman, White & McAuliffe and F. Whitney Tenney for Respondent.

J. Hampton Hoge and A. Dal. Thomson, *Amici Curiae,* for Appellant.

THE COURT.—This appeal is from a judgment for five thousand dollars damages, entered upon a verdict for plaintiff in an action for personal injuries sustained by plaintiff while riding as a guest in defendant's automobile. Defendant admits that he was negligently operating the automobile at the time of the accident, and that his negligence was a proximate cause of the injuries of which complaint is made, but defends upon the ground that plaintiff was guilty of contributory negligence and that such contributory negligence was a proximate cause of her injuries.

Upon this appeal defendant makes two contentions, either of which, if upheld, it is claimed, entitle him to a reversal. The first contention is based upon alleged errors in instructions, particularly with reference to the duty of a guest under the circumstances here presented. The second contention, in which appellant is aided by a brief of *amicus curiae,* is based upon section 141¾ of the California Vehicle Act, added to our law by the 1929 legislature (Deering's Gen. Laws Supp. 1929, Act 5128). Appellant contends that that section is retroactive so as to affect all cases not prosecuted to final judgment before the act went into effect.

By section 141¾ of the California Vehicle Act the right of action of a guest in a vehicle to recover for personal injuries based upon ordinary negligence of the driver is taken away. The right to recover is made dependent upon proof of gross negligence, wilful misconduct or intoxication of the driver. It is contended by appellant that this section

of the California Vehicle Act repeals by implication those parts of sections 1714 and 2096 of the Civil Code, which permitted the guest in a vehicle to recover for personal injuries caused by the ordinary negligence of the driver in the operation of the vehicle. It is likewise contended that at common law the guest could not recover when injured due to the ordinary negligence of the driver, and that that right, formerly recognized by the California law, was purely a statutory right based on the above code sections, and that the rule is well settled that a cause of action or remedy dependent on a statute falls with the repeal of the statute, even after the action thereon is pending, in the absence of a saving clause in the repealing statute. In the statute under discussion there is no saving clause.

In this case the accident in which respondent received the injuries of which complaint is made occurred in May, 1925. The case was tried and the jury returned a verdict for respondent in March, 1928. It is obvious that if appellant's contentions, as above set forth, are correct, the case must be reversed.

There are certain rules of statutory construction which are applicable to the facts here presented. ■ It is too well settled to require citation of authority, that in the absence of a clearly expressed intention to the contrary, every statute will be construed so as not to affect pending causes of action. Or, as the rule is generally stated, every statute will be construed to operate prospectively and will not be given a retrospective effect, unless the intention that it should have that effect is clearly expressed. It is also a general rule, subject to certain limitations not necessary to discuss here, that a cause of action or remedy dependent on a statute falls with a repeal of the statute, even after the action thereon is pending, in the absence of a saving clause in the repealing statute. (*Merchants Ins. Co.* v. *Ritchie,* 72 U. S. 541 [18 L. Ed. 540, see, also, Rose's U. S. Notes]; *Moss* v. *Smith,* 171 Cal. 777 [155 Pac. 90]; *First Nat. Bank* v. *Henderson,* 101 Cal. 307 [35 Pac. 899]; *People* v. *Bank of San Luis Obispo,* 159 Cal. 65 [Ann. Cas. 1912B, 1148, 37 L. R. A. (N. S.) 934, 112 Pac. 866]; *Napa State Hospital* v. *Flaherty,* 134 Cal. 315 [66 Pac. 322].) The justification for this rule is that all statutory remedies are pursued with full realiza-

tion that the legislature may abolish the right to recover at any time. (Sec. 327, Pol. Code.) This rule only applies when the right in question is a statutory right and does not apply to an existing right of action which has accrued to a person under the rules of the common law, or by virtue of a statute codifying the common law. In such a case, it is generally stated, that the cause of action is a vested property right which may not be impaired by legislation. In other words, the repeal of such a statute or of such a right, should not be construed to affect existing causes of action. (*James* v. *Oakland Traction Co.*, 10 Cal. App. 785 [103 Pac. 1082]; *Williams* v. *Johnson*, 30 Md. 500 [96 Am. Dec. 613]; *McCann* v. *City of New York*, 52 App. Div. 358 [65 N. Y. Supp. 308]; *Middletown* v. *Texas Power & Light Co.*, 108 Tex. 96 [185 S. W. 556]; 18 Cal. Law Rev. 331, 334.) It, therefore, becomes incumbent upon us to determine whether the right of a guest in a vehicle to recover for personal injuries suffered as the result of the ordinary negligence of the driver in the operation of the vehicle is a right recognized at common law, or whether it is a right based entirely on statute.

Appellant strenuously contends that in England a guest in a vehicle had no right of action against a driver for injuries received as a result of the ordinary negligence of the driver. Appellant then refers to section 4468 of the Political Code, which provides: "The common law of England, as far as it is not repugnant to or inconsistent with the Constitution of the United States, or the Constitution or laws of this state, is the rule of decision in all the courts of this state." He contends that under the code section we are bound by the English decisions as to what constitutes the common-law rule. Assuming that the English cases clearly laid down the rule that appellant contends for (a fact of which we are not convinced) even then, we would not be bound by the English interpretation of the common law. It is true that English decisions rendered before the American Revolution are frequently referred to to determine a rule of the common law, but in this jurisdiction, and in many others, such English decisions are not conclusive. This is so because judicial decisions do not themselves constitute the common law, but are merely evidence of the common law. Accordingly, it has been held, frequently,

that in determining what the common law is, this court is not limited to a consideration of the English decisions, but can and should consider and weigh the reasoning of the courts of sister states. Stated in another way, the decisions of sister states constitute evidence of what the common law is, even if *contra* to the English decisions. This rule was first laid down in this state in the case of *Forbes* v. *Scannell,* 13 Cal. 243, at 265, in interpreting Statutes of 1850, page 219, the statute from which section 4468 of the Political Code was later copied. (See, also, *Lux* v. *Haggin,* 69 Cal. 255, at 385 [4 Pac. 919, 10 Pac. 674]; *Seymour* v. *McAvoy,* 121 Cal. 438, at 442 [41 L. R. A. 544, 53 Pac. 946]; *Fletcher* v. *Los Angeles Trust etc. Bank,* 182 Cal. 177, at 182 [187 Pac. 425]; *Strong* v. *Shatto,* 45 Cal. App. 29, at 33 [187 Pac. 159]; *Williams* v. *Miles,* 68 Neb. 463 [110 Am. St. Rep. 431, 4 Ann. Cas. 306, 62 L. R. A. 383, 94 N. W. 705]; 12 Cor. Jur. 198, sec. 30.) In *Seymour* v. *McAvoy, supra,* the English decisions laid down one rule and the American decisions laid down the contrary rule and this court held that under section 4468 of the Political Code, *supra,* it was not bound by the English decisions, but could and did follow the American decisions.

In the situation presented in the instant case we are not referred to any English decision directly in point, but are referred to decisions of other jurisdictions which hold that in England no recovery could be had by a guest for injuries received by him as the result of the ordinary negligence of the driver. Respondent has referred us to several American cases holding that, in the absence of a statute, a right of recovery exists at common law where only ordinary negligence is shown. Our independent research has disclosed that the overwhelming weight of authority in this country is to the effect that in the absence of statute, under the common law, a guest may recover for failure of the driver to use ordinary care. (Notes, 20 A. L. R. 1014; 26 A. L. R. 1425; 40 A. L. R. 1338; 47 A. L. R. 327; 51 A. L. R. 581; 61 A. L. R. 1252.) A recent Iowa case held that a guest statute, similar to the one in California, abrogated the common-law liability of due care, and hence could not operate so as to affect existing causes of action. (*Thomas* v. *Disbrow,* 208 Iowa, 873 [224 N. W. 36].)

█ After a careful analysis of the above cases, we are of the opinion that the better reasoned cases permitted a recovery at common law based on failure of the driver to use ordinary care. It therefore follows, under the rules of statutory construction referred to, *supra*, that since section 141¾ of the California Vehicle Act abrogates the common-law rule, in a case involving personal injuries, that statute does not in any way affect causes of action existing on August 14, 1929, the date the statute took effect.

█ Having disposed of the above question, we turn now to a consideration of the other main question raised by appellant on this appeal. Appellant makes no contention that the evidence is not sufficient to sustain the verdict, but contends that certain instructions were erroneous. In this connection, appellant objects to parts of seven different instructions. It would add nothing to this opinion to quote the instructions of which complaint is made. It is sufficient to say that several of them use some unfortunate language and are rather incomplete and that several sentences are open to just criticism. However, we do not find any error sufficient to warrant a reversal. It must be remembered that the trial court is not required to state all the law applicable to a case in one instruction. All of the instructions must be read as a whole, that is, each instruction should be considered in connection with all of the other instructions, and if the charge harmonizes as a whole, and fairly and accurately states the law, a reversal may not be had because of verbal inaccuracies, or because isolated phrases or sentences are open to just criticism. Since the charge must be considered as a whole, an error in an instruction is cured, if, when the whole charge is taken together, the law is accurately stated. We have carefully read the entire charge and find that, taken as a whole, the jury was fully and accurately informed as to the law applicable to this case. After reading the reporter's transcript, we cannot say that the errors complained of resulted in a miscarriage of justice.

The judgment appealed from is affirmed.

Rehearing denied.