[Civ. No. 747. Fourth Appellate District.—April 7, 1933.]

LEONARDI CASTRO et al., Respondents, v. KAPOR SINGH, Appellant.

Conley, Conley & Conley, Philip Conley, W. M. Conley and Matthew Conley for Appellant.

Daniel W. Burbank and Pembroke Gochnauer, as *Amici Curiae* on Behalf of Appellant.

108

Herbert McDowell, M. F. McCormick and C. M. Ozias for Respondents.

CAMPBELL, J., *pro tem.*—This appeal is by defendant from a judgment in favor of plaintiffs in an action for personal injuries sustained by plaintiffs while riding as guests in defendant's automobile. The case was tried before the court without a jury.

Appellant admits that respondents were guests, and his specifications of errors may be briefly summarized as follows:

(1) That the complaint is defective in basic allegations;

(2) That the findings are not supported by the evidence;

(3) That the evidence does not justify any judgment for plaintiffs under the guest law;

(4) That the court erred in refusing to reopen the case to hear further testimony;

(5) The denial of a motion for new trial was error; and

(6) That there can be no recovery based on gross negligence in this case, by reason of the fact that section 141¾ of the California Vehicle Act, effective August 14, 1931, abrogated the statutory rights under which respondents theretofore had a claim of recovery on the basis of gross negligence; that the original guest law passed in 1929 abrogated the common-law rule in effect prior thereto.

We shall consider appellant's last contention first, for in this case the accident in which respondents received injuries occurred August 19, 1929, and trial was had and judgment entered in favor of respondents May 14, 1931. Final judgment, of course, has not been entered; and it is obvious that if appellant's contentions as set forth are correct the case must be reversed.

(6) At the time of this accident, to wit, August 19, 1929, section 141¾ of the California Vehicle Act read in part as follows: " . . . Nothing in this section contained shall be construed as relieving the owner or driver or person responsible for the operation of a vehicle from liability for injury to or death of such guest proximately resulting from the intoxication, wilful misconduct, or gross negligence of such owner, driver or person responsible for the operation of such vehicle. . . . "

In 1931 this statute was amended, the amendment practically re-enacting the statute with the omission of the words "gross negligence". The present statute reads word for word as quoted above, save the omission noted. (Deering's Gen. Laws 1931, p. 2520.)

Appellant argues that the right of a guest to recover under any circumstances after August 14, 1931, is governed solely by that statute, that is, section 141¾ of the California Vehicle Act as it exists to-day, and that the amendment of the former act which authorized a recovery on proof of gross negligence, without any saving clause, takes away any right of action which respondents might have had for gross negligence, and base their argument on the well-established rule of law that: "It is a rule of almost universal application, that, where a right is created solely by a statute, and is dependent upon the statute alone, and such right is still inchoate, and not reduced to possession, or perfected by final judgment, the repeal of the statute destroys the remedy, unless the repealing statute contains a saving clause" (*Napa State Hospital* v. *Flaherty,* 134 Cal. 315, 317 [66 Pac. 322, 323]), and "a repeal of the statute conferring the right, prior to final judgment, would abolish the right and place the parties in the same position as if the statute never existed". (*Krause* v. *Rarity,* 210 Cal. 644, 653 [293 Pac. 62, 65, 77 A. L. R. 1327].) The amendment of the statute in 1931, so far as this case is concerned, simply deleted the term "gross negligence". Section 141¾ is not repealed and re-enacted, but it is simply amended to read as it now stands. (Stats. 1931, p. 1693; *Huffman* v. *Hall,* 102 Cal. 26 [36 Pac. 417].)

While the cause of action in *Krause* v. *Rarity, supra,* was one not existing at common law, but in reference to a situation such as we have in the case at bar, the court said:

"If the present action was one brought by Krause, during his lifetime, for damages for personal injuries inflicted upon him while a guest of the defendant Rarity, such a cause of action would be one grounded on the common-law liability and the right of action would be a vested right and survive a repeal of the statute. (*Callet* v. *Alioto,* 210 Cal. 65 [290 Pac. 438].) The case of *James* v. *Oakland Traction Co.,* [10 Cal. App. 785, 103 Pac. 1082], *supra,* relied upon by the plaintiff, was one for damages for personal injuries inflicted upon the plaintiff therein.

"That case is illustrative of the numerous decisions holding that upon the wrongful infliction of the injury a vested right accrues to the party injured freed from any disturbance by subsequent legislative enactment."

The guest statute is to be considered merely as statements of the requisites of negligence or wrongful act which neither repeals nor amends the right to recover as it existed under the common law; it simply affects the standard of duty or common-law obligation to use due care toward a guest and its corresponding substantive right. In *Krause* v. *Rarity, supra,* at page 654, the court says: "In other words, there has not been a moment of time since the enactment of section 377 to the present time when an action would not lie on behalf of the heirs on account of the death of the guest. The only change brought about by the new law was in the nature and character of the proof required in each case. There was no abolishment of the right or cause of action, but only a change in the proof required, not to maintain the action, but to permit a recovery."

The 1929 act created no right whatever in favor of a guest, but simply impaired the guest's existing common-law right, preserving to the guest a right of action against his host based on gross negligence. The effect of the 1931 amendment, by eliminating gross negligence as a cause of action, simply further impaired his common-law right which had at all times existed in favor of the guest. The guest's right to sue his host for gross negligence, or any type of negligence, existed at common law, and any statute impairing that common-law right is not retroactive in operation unless made so by its terms. In the case of *Callet* v. *Alioto, supra,* a contention identical in principle was made by the appellant therein. The court held that since the right of the guest to recover for the negligence of his host was grounded on common law, and not in any special statute creating the right, a repeal or amendment was not retroactive in effect and affirmed the judgment. In that case the court says:

"The second contention, in which appellant is aided by a brief of *amicus curiae,* is based upon section 141¾ of the California Vehicle Act, added to our law by the 1929 legislature (Deering's Gen. Laws, Supp. 1929, Act 5128). Appellant contends that that section is retroactive so as to affect

all cases not prosecuted to final judgment before the act went into effect.

"By section 141¾ of the California Vehicle Act the right of action of a guest in a vehicle to recover for personal injuries based upon ordinary negligence of the driver is taken away. The right to recover is made dependent upon proof of gross negligence, wilful misconduct or intoxication of the driver. It is contended by appellant that this section of the California Vehicle Act repeals by implication those parts of sections 1714 and 2096 of the Civil Code, which permitted the guest in a vehicle to recover for personal injuries caused by the ordinary negligence of the driver in the operation of the vehicle. It is likewise contended that at common law the guest could not recover when injured due to the ordinary negligence of the driver, and that that right, formerly recognized by the California Law, was purely a statutory right based on the above code sections, and that the rule is well settled that a cause of action or remedy dependent on a statute falls with the repeal of the statute, even after the action thereon is pending, in the absence of a saving clause in the repealing statute. In the statute under discussion there is no saving clause.

In this case the accident in which respondent received the injuries of which complaint is made occurred in May, 1925. The case was tried and the jury returned a verdict for respondent in March, 1928. It is obvious that if appellant's contentions, as above set forth, are correct, the case must be reversed.

"There are certain rules of statutory construction which are applicable to the facts here presented. It is too well settled to require citation of authority, that in the absence of a clearly expressed intention to the contrary, every statute will be construed so as not to affect pending causes of action. Or, as the rule is generally stated, every statute will be construed to operate prospectively and will not be given a retrospective effect, unless the intention that it should have that effect is clearly expressed. It is also a general rule, subject to certain limitations not necessary to discuss here, that a cause of action or remedy dependent on a statute falls with a repeal of the statute, even after the action thereon is pending, in the absence of a saving clause in the

repealing statute. (*Merchants Ins. Co.* v. *Ritchie*, 5 Wall. (72 U. S.) 541 [18 L. Ed. 540, see, also, Rose's U. S. Notes]; *Moss* v. *Smith*, 171 Cal. 777 [155 Pac. 90]; *First Nat. Bank* v. *Henderson*, 101 Cal. 307 [35 Pac. 899]; *People* v. *Bank of San Luis Obispo*, 159 Cal. 65 [112 Pac. 866, Ann. Cas. 1912B, 1148, 37 L. R. A. (N. S.) 934]; *Napa State Hospital* v. *Flaherty*, 134 Cal. 315 [66 Pac. 322].) The justification for this rule is that all statutory remedies are pursued with full realization that the legislature may abolish the right to recover at any time. (Sec. 327, Pol. Code.) This rule only applies when the right in question is a statutory right and does not apply to an existing right of action which has accrued to a person under the rules of the common law, or by virtue of a statute codifying the common law. In such a case, it is generally stated, that the cause of action is a vested property right which may not be impaired by legislation. In other words, the repeal of such a statute or of such a right, should not be construed to affect existing causes of action. (*James* v. *Oakland Traction Co.*, 10 Cal. App. 785 [103 Pac. 1082]; *Williams* v. *Johnson*, 30 Md. 500 [96 Am. Dec. 613]; *McCann* v. *City of New York*, 52 App. Div. 358 [65 N. Y. Supp. 308]; *Middletown* v. *Texas Power & Light Co.*, 108 Tex. 96 [185 S. W. 556]; 18 Cal. Law Rev. 331, 334.)''

The court on page 68 of the opinion [in 210 Cal.] proceeds to declare that the right of action of a guest was a right recognized at common law, and then at page 70 says:

''After a careful analysis of the above cases, we are of the opinion that the better reasoned cases permitted a recovery at common law based on failure of the driver to use ordinary care. It therefore follows, under the rules of statutory construction referred to, *supra*, that since section 141¾ of the California Vehicle Act abrogates the common law rule, in a case involving personal injuries, that statute does not in any way affect causes of action existing on August 14, 1929, the date the statute took effect.''

The principle announced in the foregoing opinion was approved in *Krause* v. *Rarity, supra,* and at page 655 the court says:

''The case, then, falls within the operation of the rule contended for by the plaintiff, namely, that although the legislature has the power to give a statute retrospective

operation, if it does not impair the obligation of contracts or disturb vested rights, yet it is to be presumed that no statute is intended to have that effect, and it will not be given that effect, unless such intention clearly appear from the language of the statute. (*Pignaz* v. *Burnett*, 119 Cal. 157 [51 Pac. 48].)''

The authorities referred to sufficiently distinguish this case from those cases in which the rule now contended for by this appellant is to be applied, and demonstrate that the 1931 amendment to the statute now under consideration has no effect upon this case. (*Anderson* v. *Ott*, 127 Cal. App. 122 [15 Pac. (2d) 526].)

We shall now proceed to take up the other assignments of error:

■ (1) The complaint is in the usual form and sets forth three causes of action, and the allegations of negligence are the same in each cause of action, and are as follows: '' . . . and at said time and place the said defendant did then and there so carelessly, negligently, unlawfully, recklessly, wantonly and without due care or caution, drive and operate his said automobile on the left hand side of said highway.'' Appellant says that such pleading is fatally defective because it lacks an allegation of gross negligence. This contention is disposed of, however, in the case of *Malone* v. *Clemow*, 111 Cal. App. 13, 19 [295 Pac. 70, 73], where the court says ''Appellants further contend that none of the three amended complaints states facts sufficient to constitute a cause of action for gross negligence. This contention is also without merit.

'' 'Degrees of negligence are matters of proof, and not of averment; and a general allegation of negligence, want of care and skill, etc., is sufficient in an action for injuries caused by such negligence, *whether the defendant is liable for ordinary or gross negligence'*.'' (Citing cases.)

■ (2) Appellant claims, and respondents admit, that the finding that appellant was guilty of wilful misconduct is not supported by the evidence. The complaint does not contain an allegation of wilful misconduct. Appellant cannot complain that he has been prejudiced by such a finding when the parties to the action agree that no issue of wilful misconduct was presented by the pleadings. The words

"wilful misconduct" in the findings are surplusage and must be disregarded.

(3) The evidence on the issue of negligence need not be recounted at length. It was conflicting, and may be summarized briefly: Appellant and respondents were traveling northerly toward Fresno on the evening of the accident, and were proceeding on the Golden State highway and had reached a point thereon about three miles from Fresno, when they overtook another automobile which was also traveling northerly toward Fresno; appellant attempted to pass this car, and in doing so he drove his car on his left-hand side, and the westerly side, of the paved highway, and after he had gotten past this car, instead of turning back to his right-hand side, and the easterly side, of the highway, as he could and should have done, he continued on and upon, and drove on his left-hand side of the highway, colliding with an oncoming car. The evidence was conflicting, and the findings of the trial court will not be disturbed on appeal. Gross negligence may arise out of the breach of some statutory duty. The case of *Taylor* v. *Cockrell*, 116 Cal. App. 596 [3 Pac. (2d) 16], fully and clearly states the rule as to when a driver of an automobile is guilty of gross negligence, and notes that one of the chief elements of gross negligence is heedless and flagrant violation of some particular statute regulating the operation of motor cars. The court there discusses the elements of gross negligence as follows: " 'Gross negligence is the want of slight diligence . . . an entire failure to exercise care . . . that entire want of care which would raise a presumption of the conscious indifference to consequences.' " It seems to us in the case at bar appellant's act in turning to the left in the face of an oncoming car was intentional, and is sufficient to show a conscious indifference to the welfare and safety of those riding in the automobile with him. There is ample evidence in the record to sustain the findings of the lower court that appellant was guilty of gross negligence. "It is further claimed by the appellant that many of the findings of the court are without support in the evidence. Let the claim be conceded, still the finding to which we have referred has support in the evidence, and that finding absolutely points the judgment against appellant, whatever may be the real facts as to other matters alleged in the complaint." (*Wheat*

v. *Bank of California,* 119 Cal. 4, 7 [50 Pac. 842, 51 Pac. 47].)

■ (4) After order for judgment was made, and prior to the signing and filing of findings, defendant made a motion to set aside the order for judgment and reopen the case for further hearing of testimony, based upon the discovery of certain facts set forth in an affidavit of one Amelia Morgan. Respondents objected and filed counter-affidavits. Upon hearing, appellant's motion was denied by the court, and appellant assigns this as error. It is a well-settled rule that trial courts are vested with discretion in permitting or refusing permission to reopen cases for the purpose of introducing further proof; and rulings on motions to reopen will be disturbed only in cases where there has been a clear abuse of discretion, and to the prejudice of the party complaining. In this case the affidavits merely showed a further conflict. We are of the opinion that the trial court did not abuse its discretion in denying appellant's motion.

■ (5) We have read the entire record and are satisfied that the trial court did not err in denying appellant's motion for a new trial.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 1, 1933.