[Civ. No. 9115.   Second Appellate District, Division Two.—January 8, 1934.]

COAST SURETY COMPANY (a Corporation), Appellant, v. THE MUNICIPAL COURT OF LOS ANGELES et al., Respondents.

Bishop Moore for Appellant.

Ray L. Chesebro, City Attorney, Ernest K. Maine, Assistant City Attorney, and John L. Bland, Deputy City Attorney, for Respondents.

CRAIG, J.—Upon the forfeiture of bail in the Municipal Court of the City of Los Angeles, in each of several cases, motions were made to set aside the forfeitures, which were denied. A petition to the superior court for writ of prohibition restraining further proceedings upon said undertakings was there held insufficient and a demurrer thereto was sustained, from which ruling the petitioner appealed.

In each instance the defendant procured from the appellant herein and there was filed the usual undertaking pursuant to the issuance of a complaint in a criminal proceeding that the principal "will appear and answer the charge above mentioned in whatever court it may be prosecuted, and will at all times hold himself amenable to the orders and process of the court, and if convicted, will appear for judgment and render himself in execution thereof; or, if the said defendant fails to perform either of these conditions, that he will pay to the People of the State of California", the amount therein specified. The defendant failed to perform said conditions by remaining absent when his case was called for trial, and said bail was forfeited. Within the time prescribed by law for the appearance of a surety and its principal to apply and excuse the absence of the latter, the appellant moved without appearance of the defendant that the forfeiture be set aside and that the bail be exonerated, which motion was denied. ■ The sole ground of such motion and of appeal arose from repeal by the legislature of the statute which created the offense with which the defendant was charged. It is contended that such repeal deprived the surety of the right to bring its principal before the court for the purposes of said motion, and that its undertaking was therefore exonerated as a matter of law. But it is conceded that said statute was in force and effect at the time set for trial and that it was not repealed until about two months after the date of forfeiture. Furthermore, the statutes upon which the obligations of a surety for the defendant in a criminal case are founded, prescribing their form, conditions and procedure for release therefrom, were

not abrogated nor is it contended that the principal or his surety attempted to comply therewith, on the date of trial.

Sections 1305 and 1306 of the Penal Code require a forfeiture of bail in such case, which was properly entered.

While statutory remedies are said to be pursued with full realization that the legislature may abolish the right to recover (*James* v. *Oakland Traction Co.*, 10 Cal. App. 785 [103 Pac. 1082]; *Callet* v. *Alioto*, 210 Cal. 65 [290 Pac. 438], this rule does not apply to an existing right of action which has accrued (*Callet* v. *Alioto, supra*). "The liability of sureties on a bail bond is limited to the precise terms of their contract." (6 Cor. Jur., p. 1033, sec. 292; *Black* v. *State*, 154 Tenn. 88 [290 S. W. 20].) The obligation to produce the principal prior to the date of repeal of the penal statute, and the obligation arising from a statute unaffected by such repeal, in consequence of statutory and contractual conditions precedent being unfilled, an application for relief from liability thereunder was untimely, and the municipal court had no authority to grant it.

The judgment is affirmed.

Stephens, P. J., and Archbald, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 8, 1934.

Preston, J., dissented.