[Civ. No. 22854.   Second Dist., Div. One.   May 26, 1958.]

THE PEOPLE, Plaintiff and Appellant, v. ONE 1957 FORD 2-DOOR SEDAN, LICENSE NO. CGL 775 et al., Defendants; ASSOCIATES DISCOUNT CORPORATION (a Corporation), Defendant and Appellant.

Edmund G. Brown, Attorney General, and Carl Boronkay, Deputy Attorney General, for Plaintiff and Appellant.

Buchalter, Nemer, Coyle & Cooper and Leon M. Cooper for Defendant and Appellant.

WHITE, P. J.—The People of the State of California sought by the instant action to forfeit the right, title and interest of the registered and legal owners of a certain 1957 Ford two-door Sedan because of its use for the transportation of narcotics in violation of section 11610 of the Health and Safety Code.

The answer of Associates Discount Corporation, the legal owner, sets forth as an affirmative defense that it made a

reasonable investigation as to the moral responsibility, character and reputation of the purchasers and that such investigation disclosed no facts upon which to base a suspicion that said automobile would be used to transport narcotics; that said automobile was sold upon a conditional sales contract under the terms of which upon purchasers' default the entire unpaid amount has been declared due and payable; that there remains due, owing and unpaid on said contract the sum of $3,112.55; and that at the date of the seizure by the People of the State of California and ever since that date the value of said automobile has not exceeded said sum of $3,112.55; that the proceeding instituted by the State should therefore be dismissed and the court should make its order releasing said vehicle to the "answering claimant as the bona fide and innocent lien holder and vendor."

The parties stipulated at the trial that the conditional sales contract was entered into by the Valley Automotive Center and was assigned to Associates Discount Corporation in the usual course of business without any knowledge by either that the car was going to be used for any unlawful purpose; and that the unpaid balance on the contract was at the time of the seizure of the automobile $3,112.55, which was then, and ever since has been, in excess of the value of the vehicle.

The court found that "said vehicle was on the 27th day of December, 1956, unlawfully used to transport and convey . . . a narcotic" in violation of Health and Safety Code, section 11610; that at said time the vehicle was being used by William Henry Rodgers, one of the registered owners. The registered owners have not appealed from the judgment.

The court concluded that the legal owner "did establish that its interest in the above described vehicle was created after a reasonable investigation of the moral responsibility, character and reputation of the purchaser and without knowledge that the vehicle was being or was to be used for the purpose charged"; and adjudged that said vehicle "be, and the same is hereby, forfeited to the State of California, subject to the right, title and interest of Associates Discount Corporation, legal owner of the above described vehicle."

Both the People and the legal owner have appealed. We will first consider the appeal by the People of the State of California from the portion of the judgment "which declares that the forfeiture of the above vehicle shall be subject to the right, title and interest of the legal owner." The ground

urged for reversal is that "the evidence does not support the finding of the trial court that the interest of the lien claimant was created after a reasonable investigation of the moral responsibility, character and reputation of the purchaser."

■ As urged by appellant, the lien claimant had the burden of proving an investigation of the automobile purchaser's moral responsibility, character and reputation, of the kind and to the extent required by statute. ■ In addition to the usual information about financial status, such investigation should elicit the purchaser's reputation and standing in the community and his moral responsibility. Inquiry should be made not only as to present financial position, but also as to the source of income, manner of living, employment, family and social connections. (*People* v. *One 1939 Buick 8 Coupe*, 43 Cal.App.2d 411, 416 [110 P.2d 1013]; *People* v. *One 1953 Pontiac Catalina Auto*, 135 Cal.App.2d 195, 199 [286 P.2d 885].)

■ The purpose of the law is to require one who finances the purchase of an automobile to aid in the prevention of crime. His interest in any vehicle used to transport narcotics will be forfeited to the State unless a reasonable investigation of the purchaser's moral responsibility, character and reputation is made before such interest is created. The investigation required for this purpose is something more than that usually made before the sale of a television, stove, or other commodity not ordinarily used in the commission of crime. What investigation is reasonable must be governed by the facts of each case.

■ Whether the investigation made before the purchase of the conditional sale contract now engaging our attention was a reasonable one is primarily a question of fact, and the determination thereof will not be disturbed on appeal if it is supported by any substantial evidence. ■ Such investigation includes inquiries made by both the seller of the automobile and the buyer of the contract. (*People* v. *One 1952 Ford Sedan*, 146 Cal.App.2d 183, 188 [303 P.2d 832]; *People* v. *One 1949 Ford Tudor Sedan*, 115 Cal.App.2d 157, 164 [251 P.2d 776].)

The evidence in the instant proceeding includes four documentary exhibits and the testimony of five witnesses. It is here summarized in the light most favorable to the lien claimant.

The two registered owners were husband and wife. The wife's employment for several years was checked. Her present and previous employers knew nothing of a derogatory nature about her. She had advanced in and resigned from her previous employment. They had run charge accounts at Sears Roebuck and a music supply house. Their card was out of the file at Sears and the account with the music company had been paid when due. The husband had been a student at the conservatory of music for about 14 months preceding the investigation and was then starting work on a job as an assembler. Both had lived in the same house for a year and nine months and paid their rent regularly. Their landlady who was also their neighbor agreed that they were "a fine young couple" and volunteered the information that they had caused her no trouble. That information was obtained by telephoning the persons mentioned in the questionnaires filled in by the purchasers. Each of the parties telephoned was asked to verify the purchaser's status as employee, tenant or debtor, and if they knew "anything derogatory" about the purchasers. Each disclaimed any knowledge of "anything derogatory."

Appellant contends that the evidence is insufficient to support the finding that a reasonable investigation was made and asks "Where is the unearthing of facts that would enable a reasonably prudent person to determine whether or not the purchasers were of good moral character?" ■ We are convinced that the Legislature did not intend to cast upon one who finances the purchase of an automobile the duty to make the kind of investigation required of the police when they have reason to suspect a person is a user or "pusher" of narcotics. ■ The trial court determined that a reasonably prudent person would have relied upon the investigation made in the instant action, and we cannot say that, as a matter of law, it was not "a reasonable investigation of the moral responsibility, character and reputation" of the buyers. (*People* v. *One 1954 Chevrolet Bel Air*, 140 Cal.App.2d 934, 939 [296 P.2d 55]; *People* v. *One 1941 Cadillac Club Coupe*, 63 Cal.App.2d 418, 423 [147 P.2d 49]; *People* v. *One 1940 Chrysler Convertible Coupe*, 48 Cal.App. 2d 546, 551 [120 P.2d 117]; *People* v. *One 1955 Chevrolet Bel Air*, 157 Cal.App.2d 851 [321 P.2d 870].)

The legal owner has appealed from the portion of the judgment "which fails to order the aforesaid vehicle released to the lienholder and legal owner, Associates Discount Cor-

poration, by reason of the fact that the amount due Associates Discount Corporation is in excess of the value of the vehicle as of the date of the seizure and which further fails to award costs to the said Associates Discount Corporation, the prevailing party.''

Since the entire judgment ''fails to order'' the release of the vehicle, mention the amount of the lien, or award costs to any party, and since the notice of appeal is to be liberally construed in favor of its sufficiency, we shall assume that Associates Discount Corporation, the legal owner, has appealed from the whole judgment. (*Hamasaki* v. *Flotho,* 39 Cal.2d 602, 609 [248 P.2d 910] ; *Osborn* v. *Osborn,* 42 Cal.2d 358, 367 [267 P.2d 333] ; *American Enterprise Inc.* v. *Van Winkle,* 39 Cal.2d 210 [246 P.2d 935] ; *Vyn* v. *Northwest Casualty Co.,* 47 Cal.2d 89, 90 [301 P.2d 869].)

■ According to the stipulation of the parties in the instant action, the amount due Associates was in excess of the value of the vehicle as of the date of, and at all times after, its seizure by the People of the State. Therefore, the registered owners had no interest in the vehicle at the time of its seizure and, instead of ordering a forfeiture of the vehicle subject to the rights of the legal owner, it was the duty of the court to order the vehicle released to the bona fide or innocent owner, lienholder, mortgagee, or vendor. (Health & Saf. Code, § 11622.)

Costs shall be awarded against the State (when it is a party) on the same basis as against any other party. (Code Civ. Proc., § 1028.) ■ The action to forfeit an automobile is an action in rem commenced by the State as plaintiff against those who have property interests in the vehicle. (*People* v. *One 1941 Chevrolet Club Coupe,* 37 Cal.2d 283, 302 [231 P.2d 832].) ''. . . (T)he party in whose favor the judgment is ordered, and who claims his costs, must serve upon the adverse party, and file . . . not later than ten (10) days after the entry of the judgment, a memorandum of the items of his costs and necessary disbursements in the action or proceeding . . .'' (Code Civ. Proc., § 1033.) ■ In the instant action, no memorandum of costs was filed in the court below and the legal owner here seeks relief from that failure. It is not the function of an appellate tribunal to determine issues not raised in the court below. (*Sepulveda* v. *Apablasa,* 25 Cal.App.2d 381, 389 [77 P.2d 526].)

For the foregoing reasons the judgment is modified by striking therefrom the words "forfeited to the State of California, subject to the right, title and interest of Associates Discount Corporation" and inserting in lieu thereof the words "ordered returned to the possession of Associates Discount Corporation."

As so modified, the judgment is affirmed, respondent and appellant legal owner to recover costs on appeal.

Fourt, J., and Lillie, J., concurred.