[Civ. No. 18634. First Dist., Div. One. Oct. 13, 1959.]

THE PEOPLE, Appellant, v. ONE 1953 MERCURY FOUR DOOR SEDAN, ENGINE NUMBER 53 LA 49999M, Defendant; FIRESIDE THRIFT COMPANY, Respondent.

Stanley Mosk, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Appellant.

No appearance for Respondent.

TOBRINER, J.—The state appeals from a judgment for respondent finance company in an action for forfeiture of an automobile pursuant to section 11610 of the Health and Safety Code. The trial court allowed respondent's asserted conditional sales lien on the ground that the lien had been "created after a reasonable investigation" of the purchaser within the meaning of section 11620 of the Health and Safety Code. As we shall point out, we do not find that the evidence showed such compliance with the code as its literal provisions or the decisions under it require.[1]

One Harris, the registered owner, purchased the vehicle involved and financed the transaction through respondent. Subsequently, the registered owner utilized the car while in possession of narcotics. As a result the police seized the car. Upon notification of the seizure and intended forfeiture proceedings, the registered owner defaulted, but the legal owner, respondent, answered and asserted its lien for $587.47.

The trial court found that respondent's interest "was created after a reasonable investigation of the moral responsibility, character, and reputation of the purchaser and registered owner, Ira Lee Harris. . . ." The court entered judgment, forfeiting the vehicle to the State, but allowed respondent's lien. Since the lien exceeded the value of the vehicle, the court vested respondent with all interest in the car and ordered it delivered to the respondent.

The only issue here involves the sufficiency of the evidence to support the finding that respondent, prior to acquiring its lien, conducted a reasonable investigation within the meaning of section 11620 of the Health and Safety Code. This section provides that "[t]he claimant of any right, title or interest in the vehicle may prove his lien, mortgage, or conditional sales contract to be bona fide and that his right, title, or interest was created after a reasonable investigation of the moral responsibility, character, and reputation of the purchaser. . . ."

The evidence reveals that respondent's sole investigation

---

[1]The Legislature at its 1959 regular session repealed section 11620 and replaced it with section 11619 providing that "any legal owner holding a bona fide lien, mortgage or conditional sales contract may show that he acquired his interest without actual knowledge that the vehicle was to be used for the purposes referred to in Section 11610." (1959 Stats., ch. 2085, p. 4816, at 4817.) Nevertheless, we apply and construe the section as it was formulated at the time the instant case arose. (*People* v. *One 1952 Ford Sedan* (1956), 146 Cal.App.2d 183 [303 P.2d 832]; *People* v. *One 1955 Chevrolet Bel Air* (1958), 157 Cal. App.2d 851 [321 P.2d 870].)

was a credit investigation. Respondent ascertained from the application form submitted by the registered owner, verified by respondent, the following: (1) where and for how long the registered owner was employed; (2) that the registered owner was the recipient of three previous loans from respondent which he repaid; (3) that the registered owner had received loans from several other lending institutions which he had also repaid. The trial judge observed that "[t]his application is like all others; they investigate from a credit angle and that's all. They don't investigate from a moral angle."

The trial court concluded that respondent's failure to investigate Harris's moral responsibility could be condoned in view of that court's finding that Harris's moral record was satisfactory. The trial judge's own examination disclosed that Harris had been arrested on two occasions while in the service, these arrests being for drunkenness and disorderly conduct; the judge summarized: ". . . I find it pretty hard to forfeit a car where there was no previous record at all and if they had made a more thorough investigation, they wouldn't have run into anything."

A résumé of the cases shows, however, that the statute must be strictly observed, and that this court has no latitude in affording leniency. *People* v. *One 1940 Ford V-8 Coupé* (1950), 36 Cal.2d 471 [224 P.2d 677], reveals the formalistic nature of this code section and of the penalty for failure to observe it. That case likewise involved a proceeding for forfeiture of an automobile pursuant to section 11610. The Bank of America claimed an interest in the vehicle by virtue of a conditional sales contract. "The trial court found that the bank did not make any investigation of the moral responsibility, character and reputation of the registered owner; that the moral responsibility, character and reputation of . . . [the registered owner] was good at the time of the creation of the bank's interest; but that such fact was not known to the bank before or at the time its interest was created." The court therefore applied the maxim that "the law neither does nor requires an idle act" (p. 473) and allowed the bank's lien. The Supreme Court of California reversed, and stated: "[H]ere the Legislature has said that the policy of crime prevention is in part served by withholding automobiles from use by narcotics law violators through the means of inquiry into the moral character of the purchaser prior to affording assistance by the lenders of funds. . . . Such investigation

may not be said to be an idle act even though the proof at the trial may be entirely in his favor.'' (P. 477.)

Among the legion of cases corroborating the above decision is *People* v. *One 1940 Buick 8 Sedan* (1945), 70 Cal.App.2d 542 [161 P.2d 264], in which Justice Peters, writing for this court, declared: ''The investigation made was primarily a credit investigation. . . . The finding that no real investigation of the purchaser's moral responsibility was made is amply supported.'' (P. 552.)

While we realize the trial court here believed the requirement for an investigation of the morality of the registered owner became academic in view of the realistic situation, and while we recognize the difficulty of meeting the legislative mandate itself, we are bound by the statute.

We reverse the judgment with directions that a judgment be entered vesting all right, title and interest in appellant.

Bray, P. J., and Foley (John D.), J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.