[S. F. No. 20936. In Bank. Feb. 26, 1962.]

THE PEOPLE, Plaintiff and Appellant, v. ONE 1953 BUICK 2-DOOR, ENGINE NO. V1502695, LICENSE NO. DAT-725, Defendant; COMMERCIAL CREDIT CORPORATION, Defendant and Respondent.

Stanley Mosk, Attorney General, John S. McInerny and Joseph I. Kelly, Deputy Attorneys General, for Plaintiff and Appellant.

Partridge, O'Connell, Partridge & Fall and Wallace O'Connell for Defendant and Respondent.

DOOLING, J.—The State appeals from a judgment releasing a 1953 Buick automobile to Commercial Credit Corporation, the legal owner, pursuant to its lien asserted in a forfeiture proceeding brought by the State. (Health & Saf. Code, §§ 11610-11629.)

The statutes authorizing the State to institute forfeiture proceedings relative to a vehicle used to unlawfully transport narcotics were materially revised by the Legislature at its 1959 session. (Stats. 1959, ch. 2085, p. 4816.) These enactments became effective after the date of the seizure of the subject automobile but before the present forfeiture proceed-

ing was commenced. The sole question to be determined is whether the former or the amended code provisions govern the disposition of this proceeding.

The appeal is presented on a settled statement of facts. On July 31, 1959, Commercial Credit Corporation, hereinafter called defendant, became the legal owner of the subject automobile through purchase of a conditional sales contract. On September 7 the automobile was used to unlawfully transport narcotics (Health & Saf. Code, § 11610) and was seized by the State (Health & Saf. Code, § 11611). On September 18, 1959, certain amendments and repeals, hereinafter described, of provisions of article 1 ("Forfeiture of Vehicles"), chapter 7, division 10 of the Health and Safety Code became effective. On October 9 the State commenced the present proceeding and notified defendant of the seizure and intended forfeiture of the automobile (Health & Saf. Code, §§ 11612, 11613). Defendant filed an answer asserting its lien and the matter was set for hearing.

The relevant statutory changes made by the Legislature at its regular 1959 session were as follows: Prior to that time section 11620 of the Health and Safety Code provided in material part that "[t]he claimant of any right, title or interest in the vehicle may prove his lien, mortgage, or conditional sales contract to be bona fide and that his right, title, or interest was created after a reasonable investigation of the moral responsibility, character, and reputation of the purchaser, and without any knowledge that the vehicle was being, or was to be, used for the purpose charged [i.e., unlawful transportation of a narcotic]. . . ." Section 11620 was repealed in its entirety, effective September 18, 1959 (Stats. 1959, ch. 2085, p. 4817, § 5). At the same time and effective the same date the following italicized language was added to section 11614: "Within 20 days after the mailing or publication of the notice [of seizure and intended forfeiture], any owner of any right, title, or interest in, or lien upon, a seized vehicle may file a verified answer to the fact of the use of the vehicle alleged in the notice of seizure and of the intended forfeiture proceeding; *and any legal owner, holding a bona fide lien, mortgage or conditional sales contract may file a verified answer to the facts set forth in the notice and setting forth, if such be the fact, that his lien, mortgage, or conditional sales contract was acquired without actual knowledge that the vehicle was to be used for the purposes referred to in Section 11610* [unlawful transportation of a narcotic]." (As

amended Stats. 1959, ch. 2085, p. 4816, § 3.) And the following italicized language was added to section 11619 :[1] "At the hearing, any owner who has a verified answer on file may show by competent evidence that the vehicle was not used to transport narcotics, or that narcotics were not unlawfully possessed by an occupant of the vehicle, *and any legal owner holding a bona fide lien, mortgage or conditional sales contract may show that he acquired his interest without actual knowledge that the vehicle was to be used for the purposes referred to in Section 11610.*" (As amended Stats. 1959, ch. 2085, p. 4816, § 4.) Similarly section 11622 was amended to provide in relevant part that "[i]f the court finds . . . that the legal owner holding a bona fide lien, mortgage, or conditional sales contract acquired his interest without actual knowledge that the vehicle was to be used for the purposes referred to in Section 11610 and if the amount due him is equal to, or in excess of, the appraised value of the vehicle, the court shall order the vehicle released to such legal owner." (As amended Stats. 1959, ch. 2085, p. 4817, § 7.)

The trial court found that defendant's investigation of the moral responsibility, character and reputation of the purchaser was inadequate under the law as it stood prior to September 18, 1959, but that defendant was a bona fide lienholder, having acquired its interest *without actual knowledge* of the vehicle's intended unlawful use. Applying the law as it stood at the time of the hearing and on the date of entering judgment (i.e., § 11619 as amended, *supra*), the court ordered a forfeiture of the automobile to the State "subject to a lien thereon in favor of [defendant], legal owner thereof. . . ." Since the lien exceeded the value of the vehicle, the court vested defendant with all interest in the automobile and ordered it delivered to defendant.

The only question presented on appeal is whether, as the State contends, the statutory law to be applied is that in effect when the offense which is the basis of the claim of forfeiture occurred or, as the trial court held, the law to be applied is the statutory law in effect at the time that judgment was entered. We are satisfied that the trial court was correct in applying the law in effect at the time of entry of judgment.

 The governing rule was stated in *Lemon* v. *Los Angeles Terminal Ry. Co.*, 38 Cal.App.2d 659, 671 [102 P.2d

---

[1]The nonitalicized portions of sections 11614 and 11619 were reworded in minor detail not here material.

387], i.e., that "it has been held in a long line of cases that the repeal of a statute creating a penalty, running either to an individual or the state, at any time before final judgment, extinguishes the right to recover the penalty." (*Penziner* v. *West American Finance Co.,* 10 Cal.2d 160, 170 [74 P.2d 252] ; *Meriwether Invest. Co., Ltd.* v. *Lampton,* 4 Cal.2d 697, 707 [53 P.2d 147] ; *Ball* v. *Tolman,* 135 Cal. 375, 379-380 [67 P. 339, 87 Am.St.Rep. 110] ; *Anderson* v. *Byrnes,* 122 Cal. 272, 274-275 [54 P. 821] ; *Spears* v. *County of Modoc,* 101 Cal. 303, 305-306 [35 P. 869] ; *Department of Social Welfare* v. *Wingo,* 77 Cal.App.2d 316, 320-321 [175 P.2d 262].) ▇▇▇ As further pointed out in *Lemon, supra,* 38 Cal.App.2d at page 670, a forfeiture of this nature "is a penalty to induce performance of [a] duty," and its penal character being obvious, the repeal of the statute authorizing the forfeiture extinguishes the right of forfeiture.

▇▇▇ This case furnishes an excellent example of the wisdom of the rule above stated. The statutory requirement that every prospective lien claimant make "a reasonable investigation of the moral responsibility, character, and reputation of the purchaser" first appeared in the forfeiture provisions in 1933. (Stats. 1933, ch. 253, pp. 788-789, § 13.) After some 25 years' experience with a law the purpose of which, it has been said, was "to require one who finances the purchase of an automobile to aid in the prevention of crime" (*People* v. *One 1957 Ford 2-Door Sedan,* 160 Cal.App.2d 797, 801 [325 P.2d 676] ; see also *People* v. *One 1940 Ford V-8 Coupe,* 36 Cal.2d 471, 475, 477 [224 P.2d 677]), the Legislature in 1959 repealed in its entirety this law prescribing the prior investigation of the purchaser. This was not only a change in the "terms and conditions" of forfeiture but was also a substantial reversal of legislative policy and represented the adoption of an entirely new philosophy relative to the rights of a bona fide lienholder in a forfeited vehicle. That philosophy was expressed not only in the repeal of section 11620 of the Health and Safety Code but also in the above-quoted amendments of sections 11614, 11619 and 11622, expressly authorizing such lienholder to defend against the forfeiture of his interest by showing that he acquired that interest "without actual knowledge that the vehicle was to be used for" the unlawful transportation of narcotics. Concurrent with these changes articulating a new legislative policy in these forfeiture laws, the Legislature significantly amended section 11610 which, prior to 1959, provided "[a] *vehicle* used to unlawfully

transport . . . any narcotic . . . shall be forfeited to the State,'' to read '' [*t*]*he interest of any registered owner* of a vehicle used to unlawfully transport . . . any narcotic . . . shall be forfeited to the State.'' (Emphasis added; Stats. 1959, ch. 2085, p. 4816, § 1.) Such material amendments may fairly be said to be ''most important and substantial—so important and substantial . . . that, so far as [defendant's] rights are concerned,'' a repeal was effected. (*Anderson* v. *Byrnes, supra,* 122 Cal. 272, 274.)

It is thus clear that it is the present legislative conclusion that public policy does not require the forfeiture of a legal owner's interest in a vehicle used for the transportation of narcotics where such owner has failed to make an investigation of the moral responsibility, character and reputation of the purchaser. Since the only purpose of this condition of forfeiture was to induce the legal owner to make such investigation, and since the Legislature has now determined that public policy does not require such an investigation to be made, it is difficult to conceive any public purpose which could be served at this date by forfeiting the legal owner's interest in the automobile for his failure to make this investigation.

The State points to certain language in *People* v. *Broad,* 216 Cal. 1, 4 [12 P.2d 941], in which this court said that ''in the case of a statutory or legislative forfeiture the forfeiture takes place on the commission of the offense'' (see also *People* v. *One 1941 Chevrolet Coupe,* 37 Cal.2d 283, 286 [231 P.2d 832]; *Traffic Truck Sales Co.* v. *Justice's Court,* 192 Cal. 377, 383 [220 P. 306]), and from this argues that since the provision for forfeiture was not repealed in its entirety, the measure of the State's right must be the law in effect when the offense was committed. The court in *Broad,* however, immediately following the quoted language upon which the State relies, added the following explanation and qualification: ''But after the commission of the offense resulting in the forfeiture the title of the state is inchoate or incomplete until such time as there is a judical determination of the forfeiture. . . . The only important difference between the two types of forfeiture is that in the case of the common-law or judicial forfeiture the rights of the state date from the judicial determination; while in the case of a legislative or statutory forfeiture the rights of the state, after such judicial determination, date back to the time of the offense, and cut off even the rights of a *bona fide* purchaser.''

 Since the title of the State remains inchoate and incomplete until the forfeiture is judicially decreed, a substantial statutory change in the conditions authorizing the forfeiture, amounting, as here, to the repeal of a previous statutory condition imposed upon the legal owner, must be governed by the general rule applicable to the repeal of statutes of this character, and the repeal operates to extinguish "all such rights or powers which are at the time of repeal inchoate, incomplete, and unperfected." (*Moss* v. *Smith,* 171 Cal. 777, 789 [155 P. 90] ; see also *Napa State Hospital* v. *Flaherty,* 134 Cal. 315, 317-318 [66 P. 322].) Although the forfeiture here provided for is of "the type of action which was cognizable in a common-law court" (*People* v. *One 1941 Chevrolet Coupe, supra,* 37 Cal.2d 283, 300), the forfeiture is nonetheless a statutory forfeiture, and having been created by statute, it can be abolished or modified by statute at the will of the Legislature which created it.

 The State relies on certain District Court of Appeal cases holding in a like factual situation that the governing law was that in existence at the time of seizure of the automobile, which was prior to the effective date of the 1959 amendments, rather than that prevailing thereafter when the forfeiture proceeding was prosecuted. (*People* v. *One 1955 Buick 2-Door Coupe* (1960) 187 Cal.App.2d 684, 688 [10 Cal.Rptr. 79] ; *People* v. *One 1959 MG Sport Coupe* (1960) 182 Cal.App. 2d 448 [6 Cal.Rptr. 112] ; *People* v. *One 1953 Mercury etc. Sedan* (1959) 174 Cal.App.2d 435 [344 P.2d 637].[2]) Such conclusion rested on the premise that the 1959 changes in the vehicle forfeiture law were "substantive" rather than "procedural." (*People* v. *One 1959 MG Sport Coupe, supra,* 182 Cal.App.2d at p. 452.) But the test to be applied in determining the effect to be given to the repeal is not whether the changes in the law are "substantive" or "procedural" but rather whether the rights affected are "vested"

[2]The State also cites *People* v. *One 1955 Chevrolet Bel Air* (1958) 157 Cal.App.2d 851 [321 P.2d 870]; *People* v. *One 1952 Ford Sedan* (1956) 146 Cal.App.2d 183 [303 P.2d 832]; and *People* v. *One 1954 Chevrolet Bel Air* (1956) 140 Cal.App.2d 934 [296 P.2d 55], in each of which cases the court applied the law in effect at the date of the offense although it had been substantially amended thereafter in 1955. In each of these cases the court affirmed a judgment in favor of the legal owner based upon findings that an investigation had been made which satisfied the pre-1955 statutory requirements so that the question of the effect of the 1955 amendment became unimportant and was not given serious, if any, consideration.

or "inchoate" (*Moss* v. *Smith, supra,* 171 Cal. 777, 789; *Napa State Hospital* v. *Flaherty, supra,* 134 Cal. 315, 317-318), and "[n]o person has a vested right in an unenforced statutory penalty or forfeiture" (*Lemon* v. *Los Angeles Terminal Ry. Co., supra,* 38 Cal.App.2d 659, 670-671). Accordingly, the cited cases on which the State relies must be disapproved.

■ Nor does it avail the State to argue that the general rule governing the repeal of penalties and forfeitures without a saving clause should not apply here in the case of an automobile forfeiture under the Health and Safety Code because "it would tend to work against police efforts to curb transportation of narcotics and law enforcement under the drug statutes." (*People* v. *One 1959 MG Sport Coupe, supra,* 182 Cal.App.2d 448, 453.) That argument has been foreclosed by the existing unequivocal determination of the Legislature, as embraced in the 1959 legislation, that public policy does not require lending agencies to conduct such investigations.

■ The trial court properly applied the law as it stood on the date that the inchoate right of the State was perfected by the judgment of forfeiture. That law was the measure of the State's right to forfeiture and under it defendant, holding a bona fide lien "acquired without actual knowledge that the vehicle was to be used for" the unlawful transportation of narcotics, was entitled to retain its security interest in the seized automobile. (Health & Saf. Code, §§ 11614, 11619, 11622.)

The judgment is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and White, J., concurred.