[Civ. No. 19005. Second Dist., Div. Two. Oct. 8, 1952.]

THE PEOPLE, Respondent, v. ONE 1941 CHEVROLET COUPE, Engine No. AA430562, Defendant; FRED W. GRAY COMPANY (a Corporation), Appellant.

Macfarlane, Schaefer & Haun and E. J. Caldecott for Appellant.

Edmund G. Brown, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

MOORE, P. J.—One Mike Kaleel was the registered owner of the automobile here involved. Fred W. Gray, doing business as Fred W. Gray Company, was the legal owner. The latter had either sold the vehicle to Mike or financed his purchase, taking and reserving the legal title. In due season the coupé was seized by the narcotics enforcement officers and the required notices were served on both Kaleel and appellant. (Health & Saf. Code, § 11613.) Kaleel answered but abandoned the contest. By appropriate pleadings, Mr. Gray challenged the People's asserted right to a forfeiture contending he had complied with section 11620 of the Health and Safety Code[1] in that he had made "a reasonable investigation of the moral responsibility, character, and reputation of the purchaser." On the issue thus created a jury decided adversely to Fred Gray and judgment was entered forfeiting the car to the state. Appellant now contends that the evidence is insufficient to sustain the judgment. Also, he assigns as prejudicial (1) the exclusion of certain testimony offered

---

[1] Section 11620 of the Health and Safety Code provides: "The claimant of any right, title, or interest in the vehicle may prove his lien, mortgage, or conditional sales contract to be bona fide and that his right, title, or interest was created after a reasonable investigation of the moral responsibility, character, and reputation of the purchaser, and without any knowledge that the vehicle was being, or was to be, used for the purpose charged."

by appellant and (2) the rejection of an offered instruction with respect to presumptions.

That the evidence justifies the implied finding that appellant did not make a reasonable investigation will presently appear. Whether it was reasonable is a question of fact to be tested by the legal standards ordinarily applied and the burden of proof rests upon the claimant to establish his rights. There is no formula for "a reasonable investigation." Whether the efforts of the claimant have met the lawful requirements is to be determined by the proof in each case. However, one rule has been developed, to wit, a good financial standing or an excellent credit rating of the registered owner is not sufficient. The law is not satisfied unless the investigation uncovers the "moral responsibility, character and reputation of the purchaser." (*People* v. *One 1941 Buick Club Coupé,* 72 Cal.App.2d 593, 597 [165 P.2d 44].) A sincere investigation should disclose the home address of the prospective purchaser, his employer or place of business, the sources of his income, his family or social connections and his standing in his community. (*People* v. *One 1939 Buick 8 Coupé,* 43 Cal.App.2d 411, 416 [110 P.2d 1013] ; *People* v. *One 1940 Buick 8 Sedan,* 70 Cal.App.2d 542, 550 [161 P.2d 264].)

Mr. Gray testified he had had financial transactions with Mr. Kaleel since 1942; received from the latter three or four references with whom he conferred as to Kaleel's moral responsibility. However, those early records had been destroyed and he could not remember any reference by name; could not recall the amount of his first sale to Kaleel or whether it was made by a conditional sales contract or by taking a chattel mortgage. Appellant testified to a number of other transactions with Kaleel from 1945 through 1948. During the latter year the last loan was made by appellant on the coupé here involved. He had engaged in other financial arrangements with members of Kaleel's family. While he could not testify that he had personally made the investigation in 1942, he admitted that no further inquiries were made with reference to subsequent loans and that neither Kaleel's residence nor place of employment were ever checked. There is a total absence of proof that appellant ever interviewed an intimate associate of Kaleel or anyone familiar with his moral behavior.

Mr. Karr, appellant's loan manager, could tell nothing more of an acquaintance with Kaleel than receiving and re-

ceipting for his payments. He had nothing to do with making the loans to Kaleel. He had experienced no difficulty in contacting Kaleel. Although Kaleel was engaged in the dry-goods business, no effort was made to ascertain whether that was the source of his income. No showing was made that any bank was consulted for the purpose of ascertaining whether Kaleel was in good faith operating the dry-goods business. In short, appellant produced no proof from which a jury of reasonably prudent persons could have determined whether Kaleel was a person of good moral character, no evidence that should have justified appellant as a reasonably prudent person in believing that Kaleel could be trusted to refrain from transporting narcotics in his automobile. Even though appellant had made a sufficient investigation of Kaleel in 1942, it would not necessarily have followed that for other transactions in 1948 he was relieved of the requirement to make a new investigation. Within six years one's moral outlook may change.

What the statute requires of the vendor of automobiles is an investigation, i.e., a patient inquiry into, and examination of all reasonably available facts (Webster's New Internat. Dict.) relating to the moral responsibility of a person who is about to drive a powerful means of transportation upon the streets and highways of the state. As a reasonably prudent person he must be convinced that such vendee is possessed of the requisite moral attributes. (*People* v. *One 1941 Buick Club Coupé*, 72 Cal.App.2d 593, 600 [165 P.2d 44] ; *People* v. *One 1939 Buick Coupé*, 56 Cal.App.2d 163, 165 [132 P.2d 308].) The evidence must be not only credible but also sufficient in quantity to satisfy a reasonably prudent person of the vendee's moral character.

In the course of Mr. Gray's examination, after he had narrated the extent of his investigation, the court sustained the prosecution's objection to the following question, to wit: "And what did you find as a result . . . of that investigation?" The court's ruling was correct. The question called for an irrelevant conclusion of the witness.

Under section 11620 the burden of proof is upon the lien claimant to place before the jury only the facts of the investigation which was made. What appellant concluded from his investigation is of no concern. In determining whether or not the burden of proof has been met the test is an objective one, to wit: did the claimant through his investigation unearth facts which would under the circumstances

warrant a reasonably prudent person in believing the loan applicant was possessed of the requisite moral attributes. (*People* v. *One 1939 Buick Coupé*, 56 Cal.App.2d 163, 165 [132 P.2d 308] ; *People* v. *One 1941 Buick Club Coupé, supra.*) The vendor's actual conclusion from his investigation adds nothing to his defense which must stand or fall on a showing of the extent of the inquiry made.

Appellant insists that he was entitled to the benefit of three presumptions appearing in section 1963 of the Code of Civil Procedure: "That a person takes ordinary care of his own concerns" (subsection 4), "That the ordinary course of business has been followed" (subsection 20), "That the law has been obeyed" (subsection 33).

Such presumptions have no applicability to the instant case. Though presumptions are classed as evidence (*Smellie* v. *Southern Pac. Co.*, 212 Cal. 540, 549 [299 P. 529]), it does not follow that they are on that account alone admissible. Like any other evidence they must meet the test of relevancy. Whether appellant exercised ordinary care or whether the ordinary course of business was followed has no bearing on the issue of a reasonable investigation. (*People* v. *One Harley-Davidson Motorcycle*, 5 Cal.2d 188, 189 [53 P.2d 970].) In that case the claimant argued that similar sales were made with the exercise of an equal or even less degree of care than which he exercised. The court observed, "the statute requires that a greater showing must be made by one who may be called upon to defend against the law relating to seizure and forfeiture of vehicles used in violation of the salutary provisions of the Narcotics Act."

Neither has the presumption of subdivision 33 any application. The law does not place an affirmative duty upon the lien claimant to make an investigation. There is no crime committed if the lienholder fails to make an investigation. Only in the event he aims to protect his interest against a possible forfeiture is the lender obliged to conduct an inquiry. Hence, there is no room for the operation of the presumption that the law has been obeyed.

The order denying appellant's motion for a new trial being nonappealable is dismissed. The judgment is affirmed.

McComb, J., and Fox, J., concurred.