[Civ. No. 5139. Fourth Dist. Aug. 23, 1955.]

THE PEOPLE, Respondent, v. ONE 1953 PONTIAC CATA-
LINA AUTOMOBILE, ENGINE NO. C8XH1977, De-
fendant; A. E. ENGLAND PONTIAC, INC., Appellant.

William P. Mealey for Appellant.

Edmund G. Brown, Attorney General, and Delbert E. Wong, Deputy Attorney General, for Respondent.

MUSSELL, J.—This is an appeal by the claimant, A. E. England Pontiac, Inc., from a judgment ordering the forfeiture of a 1953 Pontiac Catalina automobile to the State of California pursuant to sections 11610 et seq., of the Health and Safety Code relating to forfeiture of vehicles used to unlawfully transport narcotics. The principal question involved is whether the appellant complied with the provisions of section 11620 of the Health and Safety Code requiring a conditional vendor to prove his contract to be bona fide and that his right, title, or interest in the automobile involved was created after reasonable investigation of the moral responsibility, character and reputation of the purchaser.

An agreed statement on appeal was filed herein and there is no dispute as to the following facts. On March 21, 1954, one Harry M. Pipes was arrested in the city of Escondido while driving the automobile here involved. He was under the influence of narcotics at the time and had in his possession codeine concealed in a camera case, together with a hypodermic. The car was seized by the police officers and is being held pending the outcome of these proceedings. Pipes had purchased the automobile from appellant on December 12, 1952, under a conditional sales contract. At the time of the purchase appellant received from Pipes a customer's statement, which was introduced in evidence as claimant's Exhibit "A." This document was signed by Pipes and contains his statements as to his address, income, ownership of property and encumbrances thereon, trade or occupation, previous employer, installment obligations, business and personal references and name of nearest relative. No investigation of the moral responsibility, character and reputation of Pipes was made by appellant at the time of the sale of this automobile other than the taking of said statements, Exhibit "A."

In December, 1951, appellant sold a Pontiac automobile to Pipes under a conditional sales contract and at that time

Pipes furnished the appellant a customer's statement in substantially the same form as Exhibit "A" herein. This statement was introduced in evidence as claimant's Exhibit "B." In checking the information contained in Exhibit "B," Mr. Roozen, appellant's sales manager, made a telephone inquiry of the Beebe Drug Company in Escondido. The person who answered the telephone advised Mr. Roozen that the purchaser (Pipes) was employed by the drugstore as a druggist and was a person of good moral character and reputation. Mr. Roozen did not contact any of the other personal or business references listed on the customer's statement, Exhibit "B." Subsequent to his purchase of the first automobile, Pipes made the regular payments under the conditional sales contract according to its terms and called at appellant's place of business six to ten times during the following 12-month period for the purpose of making the payments and having the vehicle serviced. During these visits the head salesman became acquainted with Pipes.

It was stipulated at the time of trial that at all times involved herein Pipes was a registered pharmacist and that if appellant were entitled to a lien on the vehicle for reasonable attorney fees, the amount of said lien would be $250. It was further agreed that at the time of said arrest and seizure appellant had a right, title and interest in and to said vehicle in the sum of $944.70; that the right, title and interest of said A. E. England Pontiac, Inc., in and to said vehicle was bona fide and was made without any knowledge that said vehicle was being or was to be used in violation of the provisions of law relating to narcotics.

The trial court found, among other things, that appellant made a reasonable investigation of the moral responsibility, character and reputation of Pipes prior to the purchase by him of an automobile in December, 1951, but that the interest of appellant in the automobile herein involved and acquired on December 12, 1952, was created without a reasonable investigation of the moral responsibility, character and reputation of Pipes. The trial court concluded that the said automobile should be forfeited to the State of California and entered its decree accordingly.

Appellant contends that a reasonable investigation of the moral responsibility, character and reputation of the purchaser of the automobile was made by appellant as required by section 11620 of the Health and Safety Code and that there-

fore the judgment should be reversed. We are unable to agree with this contention.

Notice of seizure and intended forfeiture proceedings was served on the appellant herein as required by section 11610 of the Health and Safety Code, which provides that a vehicle used as charged in the notice shall be forfeited to the state. Section 11620 provides that a claimant of any interest in the vehicle may "prove" that his lien or conditional sales contract was bona fide "and" that his interest was created after a reasonable investigation of the moral responsibility, character, and reputation of the purchaser and without any knowledge that the vehicle was being or was to be used for the unlawful purpose.

In *People* v. *One 1940 Ford V-8 Coupé,* 36 Cal.2d 471 [224 P.2d 677], the court, in discussing said sections of the Health and Safety Code, said: "The statutory provisions require a reasonable investigation prior to the creation of the lien as one of the elements which must be *proved* before the court is permitted to release the claimant's interest from the forfeiture." In that case evidence was introduced at the trial to the effect that an investigation made at the time of the creation of the lien would have shown that the purchaser under a lease contract was a person of moral responsibilty and of good repute. The trial court applied the provisions of section 3532 of the Civil Code that the law neither does nor requires an idle act. The Supreme Court said that since an investigation was not made, the provisions of section 3532 of the Civil Code could not avail to prevent a forfeiture of the lien claimant's interest; that the investigation required by the statute may not be said to be an idle act even though proof at the trial may be entirely in favor of the claimant; that the Legislature intended that the function of ascertaining the facts must be exercised in the first instance by the lender in pursuing his investigation; and that only the question of reasonableness be left to the court.

In *People* v. *One 1941 Chevrolet Coupé,* 113 Cal.App. 2d 578 [248 P.2d 786], the court, in discussing the reasonableness of the investigation by the lien claimant, said:

"Whether it was reasonable is a question of fact to be tested by the legal standards ordinarily applied and the burden of proof rests upon the claimant to establish his rights. There is no formula for 'a reasonable investigation.' Whether the efforts of the claimant have met the lawful requirements is to be determined by the proof of each case. However, one rule

has been developed, to wit, a good financial standing or an excellent credit rating of the registered owner is not sufficient. The law is not satisfied unless the investigation uncovers the 'moral responsibility, character and reputation of the purchaser.' (*People* v. *One 1941 Buick Club Coupé*, 72 Cal.App. 2d 593, 597 [165 P.2d 44].) A sincere investigation should disclose the home address of the prospective purchaser, his employer or place of business, the sources of his income, his family or social connections and his standing in his community. (*People* v. *One 1939 Buick 8 Coupé*, 43 Cal.App.2d 411, 416 [110 P.2d 1013] ; *People* v. *One 1940 Buick 8 Sedan*, 70 Cal.App.2d 542, 550 [161 P.2d 264].)''

Appellant argues that since it made a reasonable investigation in 1951 of the moral responsibility, character and reputation of Pipes and ascertained then that he was a registered pharmacist and that his moral responsibility and character were good, and since Pipes had become a customer of claimant for approximately one year, it became unnecessary to conduct a new or further investigation in 1952 when the automobile involved herein was sold and that such an investigation would not have furnished appellant with any further information. However, as was held in *People* v. *One 1940 Ford V-8 Coupé*, *supra*, 36 Cal.2d 471, the provisions of section 3532 of the Civil Code could not avail appellant to prevent a forfeiture, even though proof at the trial may be entirely in favor of the claimant. The record shows that appellant made no effort to verify the facts stated in the customer's statement furnished by Pipes, made in 1952. The fact that appellant made a sufficient investigation of the moral responsibility, character and reputation of Pipes in 1951, as found by the trial court, does not, in our opinion, excuse compliance with section 11620 of the Health and Safety Code at the time of the creation of claimant's lien on another automobile purchased a year later. The record shows that Pipes called at appellant's place of business between 1951 and 1952. However, there is nothing in the record to indicate that these were any more than casual business contacts. It was stipulated that at all times involved Pipes was a registered pharmacist and appellant argues that it had a right to rely on this fact. However, there is no indication in the record that appellant made any effort to ascertain whether Pipes was in fact a pharmacist at the time of the sale of the vehicle in question. In his customer's statement, made in 1952, (Exhibit ''A'') Pipes stated his trade or occupation as ''Druggist'' and

his previous employer as "Beebe Drug Co." and in his customer's statement in 1951 (Exhibit "B") Pipes stated his trade or occupation as "Pharmacist" and his previous employer as "Self." Appellant in 1952 made no effort to ascertain whether Pipes was self-employed, as stated in 1951, or whether he was in fact employed by the Beebe Drug Company. It was stipulated at the oral argument herein that the notations in pencil on Exhibit "A" are not part of said exhibit. While Pipes made his periodic payments on the contract, that, in itself, was insufficient. ▇ An investigation into the financial standing or credit rating of a purchaser of a car is not sufficient—the law requires an investigation of the moral responsibility, character and reputation of the purchaser. (*People* v. *One 1940 Buick 8 Sedan,* 70 Cal.App.2d 542, 548 [161 P.2d 264].) And as is said in that case, the statute does not prescribe the maximum or minimum of the investigation that must be made. It requires "reasonable" investigation of the factors involved. What is reasonable must be governed by the facts of each case and the question as to whether a proper investigation has been made is one of fact and is to be tested by the legal standards ordinarily applied to such fact questions. Tested by these standards and those set forth in *People* v. *One 1940 Ford V-8 Coupé, supra,* 36 Cal.2d 471, and *People* v. *One 1941 Chevrolet Coupé, supra,* 113 Cal.App.2d 578, we cannot hold that the court's finding herein that the interest of appellant in the automobile acquired by Pipes in 1952 was created without a reasonable investigation of the moral responsibility, character and reputation of Pipes is unsupported as a matter of law.

▇ Appellant further contends that it is entitled to recover attorney fees as provided under the terms of its conditional sales contract. No authority to support this contention is cited and the statutes (Health & Saf. Code, §§ 11610 et seq.) do not provide for the allowance of attorney fees to claimants. Appellant may be entitled to recover such fees from Pipes pursuant to the contract, but that is not a matter involved in this proceeding.

The judgment is affirmed.

Barnard, P. J., and Shell, J. pro tem.*

---

*Assigned by Chairman of Judicial Council.