[Civ. No. 9310.   Third Dist.   Apr. 15, 1958.]

THE PEOPLE, Appellant, v. ONE 1955 OLDSMOBILE HARDTOP, SERIAL NUMBER 558K11477, Defendant; AMERICAN TRUST COMPANY, Respondent.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Appellant.

Brobeck, Phleger & Harrison and Totton Heffelfinger II, for Respondent.

WARNE, J. pro tem.*—This proceeding was instituted by the state under section 11610 et seq. of the Health and Safety Code to forfeit the interest of Clara M. Estrada and Melvin J. Estrada, the registered owners, and American Trust Company, the legal owner, of the defendant automobile, on the ground that said vehicle was unlawfully used to keep, deposit,

*Assigned by Chairman of Judicial Council.

conceal, convey, carry and transport narcotics (marijuana) contrary to the provisions of the Health and Safety Code, *supra*. Clara M. Estrada and Melvin J. Estrada filed an answer denying the charge. Their interest in the automobile was ordered forfeited to the state and they have not appealed from the judgment.

Laverone Motors had sold the automobile to Clara M. Estrada by a conditional contract of sale and on the day following the sale transferred all its interest, title and right in the contract and automobile to American Trust Company. American Trust Company answered, claiming a bona fide interest in the vehicle and alleged that its interest was created by a reasonable investigation of the moral responsibility, character and reputation of Clara M. Estrada and without knowledge that the vehicle was being used for the purpose charged.

The trial court found that the Oldsmobile "was used to unlawfully keep, deposit, convey, carry and transport narcotics, to-wit . . . marijuana"; that such acts were done with the "knowledge of one Melvin Estrada who at said time was in possession and control of said defendant vehicle"; that at the time defendant vehicle was in his possession and control with the consent of Clara Estrada, the registered owner; "that on the date of the seizure . . . American Trust Company was the legal owner of defendant vehicle pursuant to the terms of a conditional sales contract executed by Clara M. Estrada on the 28th day of March, 1956, between the said Clara M. Estrada and Laverone Motors"; that the contract was assigned to and accepted by American Trust Company on the 29th day of March, 1956 and "that the interest of claimant American Trust Company in defendant vehicle was acquired after a reasonable investigation of the moral character, moral responsibility and moral reputation of Clara M. Estrada." The court concluded that the vehicle should be declared forfeited to the state subject to a prior lien against defendant vehicle in favor of American Trust Company. Judgment was entered accordingly. From that part of the judgment in favor of American Trust Company the state appeals.

Appellant contends that the evidence is insufficient as a matter of law to support the finding that American Trust Company made a sufficient and reasonable investigation of the moral character, responsibility, and reputation of the purchaser, Clara M. Estrada, prior to the bank's lien. We feel that there is merit in this contention.

The evidence shows that American Trust Company purchased the conditional sales contract for the sale of the defendant vehicle to Mrs. Estrada on March 29, 1956. It also shows that the only investigation made by American Trust Company prior to the purchase of the contract and the creation of the bank's interest in the automobile consisted of a review by a Mr. Horsley, a loan officer of the bank, of the bank's own records with respect to three prior loan transactions with Mrs. Estrada. These transactions consisted of an FHA loan for $61 made in June of 1951, a loan made in November, 1951 for the purchase of a TV set for $200, and the purchase by the bank of an automobile contract which was paid off in May, 1954, and that at the time that Mrs. Estrada purchased the TV set she called at the bank and was interviewed by one of the bank's loan officers in connection with the loan. Upon the subject matter Mr. Horsley testified as follows:

"Q. Mr. Horsley, prior to the time this contract was purchased from Laverone Motors, did you do any sort of an investigation of Clara Estrada? . . . A. Yes we did. Q. Would you describe that please. A. Well, we have had quite a bit of loan experience with Mrs. Estrada in the past. Discovered at the time the application was submitted, the American Trust Company was given as a reference, and I looked up the old file and found that we had made her three loans prior to the time of this last one, and she has been a very good loan customer of ours, and paid all of her loans in a very good manner. All of them have been given an AA rating. I also discovered at the time that she had been in the office and had been interviewed in connection with one of the loans by our Mr. Murray Warren who was making loans at that time in connection with one other purchase of a TV set. Q. Did you make inquiries of anybody else in this connection? A. Yes we did. We ordered a credit report from the credit bureau which was very favorable and brought out the information. . . . Q. Now, I show you what purports to be a credit report covering Clara Estrada. Can you tell me—did you make this, incidentally. A. No, that's prepared by one of our girls at the office who communicated with the credit bureau. Q. Is this part of the permanent records of the American Trust Company? A. Yes, it is. Q. And it's made in the ordinary course of your business? A. It is. . . . By Mr. Strader: Q. I notice on this report labeled telephone report there is a date

April 4, 1956. Is this the date on which the report was made?
A. That's the date the report was given back to our credit
girl by the credit bureau. Q. By the credit bureau? A. Yes.
. . . Q. Now, your statement was that you relied on this credit
report together with your prior experience with Clara Es-
trada? A. Yes. Q. And on that basis you made this loan, is
that correct? A. That is correct. . . . . Q. As a matter of fact
then, you didn't inquire as to who was going to get the original
title of this automobile, did you? A. I did not. Q. And as a
matter of fact, you made no inquiry then concerning the moral
character, reputation, of Melvin Estrada? A. Did not. . . .
By the Court: Q. Well, when these other loans were made
was there any additional investigation made of Clara Estrada?
A. Yes, Your Honor. Q. As to her moral character or any—
what was done? What do your records show? A. Our records
indicate that a credit report was ordered on the first loan,
which was dated May, 1951, indicating a very satisfactory
credit report and AA credit rating. Q. Well, do you know
about what was stated in the report? Is there anything stated
about what her occupation was? A. Not in this report. How-
ever, Your Honor, in this here report we received it indicated
that she was a widow and had income from child care in her
home. I should say child care. I just presume it would be
in her home.''

Exhibit B is a telephone report which contains the follow-
ing information: ''Surname—Estrada; First Name—Clara;
Date—April 4 '56; File Since—10-52; Last Check—4-56;
Employment—Child Care—in home''; and so far as perti-
nent, ''3-A-Rating.''

There is no evidence in the record to show that any investi-
gation was made concerning the moral responsibility, charac-
ter and reputation of the purchaser. It appears that the
investigation concerned her financial standing or credit rating
only. '' 'An investigation into the financial standing or the
credit rating of the car purchaser is not sufficient—the law
requires an investigation of the ''moral responsibility, char-
acter, and reputation of the purchaser.'' ' '' (*People* v. *One
1952 Ford Sedan*, 146 Cal.App.2d 183, 188 [303 P.2d 832];
*People* v. *One 1940 Buick 8 Sedan*, 70 Cal.App.2d 542, 548
[161 P.2d 264].) Certainly the statement on the credit report,
Exhibit B, ''Employment—Child Care—in home,'' standing
alone, does not indicate a reasonable investigation.

We are of the opinion that the investigation here made, as
a matter of law, was not sufficient to constitute a reasonable

investigation of the moral responsibility, character, and reputation of the purchaser as required by section 11620 of the Health and Safety Code. Therefore, the finding ''That the interest of claimant American Trust Company in defendant vehicle was acquired after a reasonable investigation of the moral character, moral responsibility and moral reputation of Clara M. Estrada,'' finds no ample support in the record.

The portion of the judgment appealed from is reversed.

Van Dyke, P. J., and Peek, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 11, 1958. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.