[Civ. No. 5499.   Fourth Dist.   June 19, 1958.]

THE PEOPLE, Appellant, v. ONE 1955 FORD CROWN VICTORIA, License No. FRU 756 etc., Defendant; BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent.

Edmund G. Brown, Attorney General, Bonnie Lee Hansen and Henry Lee Johnson, Deputy Attorneys General, for Appellant.

Samuel B. Stewart, Hugo A. Steinmeyer, Anthony T. Oliver, Jr., and Winfield Jones, for Respondent.

GRIFFIN, Acting P. J.—This proceeding was instituted by plaintiff-appellant The People of the State of California, under section 11610 et seq. of the Health and Safety Code, to forfeit the interests of Ismael Herrera, the registered owner, and the respondent Bank of America National Trust and Savings Association, lien claimant (hereinafter referred to as the Bank) under a chattel mortgage on the described Ford automobile.

The court found the car was used by Herrera on October 6, 1956, to unlawfully convey marijuana found in a wallet on his person, in violation of section 11610, *supra,* and that the interest of the claimant Bank was created in the vehicle after a reasonable investigation of the moral responsibility, character and reputation of the purchaser, as prescribed by that section.

The main question presented on this appeal is the sufficiency of the evidence to support this finding. Based thereon, the interest of the registered owner was forfeited to the state subject to the lien of the claimant Bank in the sum of $879.64. The court ordered the said vehicle or sufficient proceeds from the sale thereof to pay the lien, be delivered or paid to defendant Bank and adjudged that said Bank had a valid interest in the vehicle in the amount indicated. Plaintiff appeals from this portion of the judgment, claiming that there was an insufficient showing of investigation as to moral responsibility, character and reputation of the purchaser, and cites such authority as *People* v. *One 1955 Oldsmobile Hardtop,* 159 Cal.App.2d 365 [323 P.2d 1059]; *People* v. *One 1952 Ford Sedan,* 146 Cal.App.2d 183 [303 P.2d 832]; *People* v. *One Harley-Davidson Motorcycle,* 5 Cal.2d 188 [53 P.2d 970]; *People* v. *One Lincoln Eight,* 12 Cal.App.2d 622 [55 P.2d 925]; and *People* v. *One 1939 Buick 8 Coupe,* 43 Cal. App.2d 411 [110 P.2d 1013].

It was stipulated that at the time the Bank acquired its interest it had no knowledge that the vehicle was to be used for unlawful purposes and that the unpaid balance owing the Bank on the chattel mortgage was $879.64. The evidence shows that after crossing the Mexican border Herrera was directed to park his car. He was searched and in his wallet was found a crushed marijuana cigarette which looked like it had been there for some time. Marijuana seeds were found on the floor of the car. Subsequently he was, in a criminal action on a charge of possession, found not guilty. It is conceded this acquittal would not be determinative of the issues presented in this civil action. (*People* v. *One 1950 Cadillac 2-door Club Coupe,* 133 Cal.App.2d 311 [284 P.2d 118].)

As to the investigation made, the evidence includes two documentary exhibits and the testimony of witnesses which will be summarized in the light most favorable to the lien claimant. Herrera, aged 21, in August 1956, applied to defendant Bank for a loan to purchase the automobile here involved. He was directed to fill out an application for a personal loan of $1,485 to purchase the car. (Exhibit AA, dated August 10, 1956.) Therein he recited his age, residence, telephone number, name and address of his employer, and that he had been employed there one year as meat packer and was earning between $300 and $450 per month. He gave the Bank of America at Chula Vista as the branch where he carried his account and that his nearest relative not living with him was his sister. He gave her name and address. He also furnished the names and addresses of individuals or concerns with whom he had credit dealings and the amounts paid by him per month on his obligations to them. The officer in the Bank then told him to return after an investigation had been made by the Bank. He testified he first gave him this form of application because it required the applicant to answer in detail more questions about himself than the Bank would ordinarily require on a direct loan on an automobile, particularly so due to the applicant's age; that he did not immediately decide to make the loan, and after investigation told the applicant to come back several different times for further interviews; that in the meantime the Bank checked on his employment with the firm named and verified the fact that he had been with that company for one year; that he had a savings account with the Bank indicated and that he was a customer of that Bank at the time; that the Bank's dealings with him

had been satisfactory; that this bank maintained a central file reflecting any past transactions of applicants for loans and the history of such applicants; that a report was returned to him: "No record" adverse or otherwise; that had any of the banks in California known of any derogatory information about previous lending it would have been reported; that he purposely personally interviewed and conversed with the applicant on these several occasions to determine his personal appearance, honesty and character; that the persons or firms with whom or for which he had dealt were contacted and the result of the information obtained was that Herrera had a "satisfactory" or "very satisfactory" rating; that his five years of experience in that business made him a fairly good judge as to whether or not a person may or may not pay; and that he had no misgivings relative to Herrera's character; that he felt further inquiry would not be necessary in this case; that he evaluated the fact that a year's employment with one firm spoke well for his character; and that considering all of this, together with his personal observation of the man, he "felt that he was a man of good character." It then appears that to further satisfy the Bank, they had Herrera fill out the standard form of application for credit and insurance (Exhibit BB) pertaining to a motor vehicle. It was dated August 20, 1956. He gave additional information, including Social Security number, driver's license number, and the description of the car intended to be purchased. He testified they then finally decided to grant the requisite loan. It does appear that the Bank did not contact the applicant's sister as to Herrera's character and did not directly question his employer as to whether he was a user of narcotics or such related habits. The court, as well as the bank, might well have believed that his sister would not degrade him and that any such inquiry would not be of much benefit in determining his real moral character. A direct question of the employer as to the employee's character is not essentially necessary if, in substance, from all the information furnished, one might reasonably deduce that he was of good character and moral responsibility. It has been said that the law does not require lenders to ask specific questions as to a borrower's morals, particularly as to his use of narcotics, since it might be detrimental to the employee or raise doubts in the mind of his employer. (*People* v. *One 1955 Chevrolet Bel Air*, 157 Cal. App.2d 851 [321 P.2d 870].) Herrera was a boy of 21 years of age and it does not appear that he had ever been arrested

or accused of this or any other offense prior to this time. There is no showing that any facts were known to the mortgagees which might indicate that Herrera was not of good moral responsibility or of good character and reputation.

We conclude that the trial court was justified in finding that there was sufficient credible evidence to satisfy a reasonably prudent person of the borrower's moral character under the statute in question, as it existed at the time the investigation was made. (*People* v. *One 1953 Pontiac*, 135 Cal.App.2d 195 [286 P.2d 885] ; *People* v. *1957 Ford 2-Door Sedan*, 160 Cal.App.2d 797 [325 P.2d 676], Civ. No. 22854, filed May 26, 1958; *People* v. *One 1954 Chevrolet Bel Air*, 140 Cal.App. 2d 934 [296 P.2d 55] ; *People* v. *One 1949 Ford Tudor Sedan*, 115 Cal.App.2d 157 [251 P.2d 776] ; *People* v. *One 1941 Cadillac Club Coupe*, 63 Cal.App.2d 418 [147 P.2d 49] ; *People* v. *One 1955 Chevrolet Bel Air, supra*; *People* v. *1952 Ford Sedan*, 146 Cal.App.2d 183 [303 P.2d 832] ; *People* v. *One 1940 Chrysler Coupe*, 48 Cal.App.2d 546 [120 P.2d 117].) It was properly said in *People* v. *One 1939 Buick Coupe*, 56 Cal.App. 2d 163, 167 [132 P.2d 308] :

''In the absence of any more definite or extensive requirements for such investigation the action of such lender must be governed by a reasonable consideration of the facts of each case. When such consideration has been exercised according to the circumstances it is not proper for the reviewing courts to interfere with the judgment 'if the record discloses any substantial evidentiary support therefor.' '' (Citing cases.)

The portion of the judgment from which this appeal has been perfected is affirmed.

Mussell, J., and McCabe, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 13, 1958.

*Assigned by Chairman of Judicial Council.