Dear Director Rice:
This letter is in response to your question asking what constitutes an "investigation" under Section 43.250, RSMo Supp 1984. Section 43.250 states:
 Every law enforcement officer who investigates a vehicle accident resulting in injury to or death of a person, or total property damage to an apparent extent of five hundred dollars or more to one person, or who otherwise prepares a written report as a result of an investigation either at the time of and at the scene of the accident or thereafter by interviewing the participants or witnesses, shall forward a written report of such accident to the superintendent of the Missouri state highway patrol within ten days after his investigation of the accident, except that upon the approval of the superintendent of the Missouri state highway patrol the report may be forwarded at a time and/or in a form other than as required in this section.
You also ask if the following procedure is in compliance with that statute:
 If the accident involves a fatality or injury or property damage requiring the vehicle to be towed, then a report is filled out and forwarded to the Missouri State Highway Patrol. If a property damage accident does not require a tow, regardless of the apparent $500 damage to the vehicles, no report is filled out, and the responding officer provides the persons involved an Exchange of Information Form.
A review of Missouri case law does not disclose any case in which a court has defined the term "investigation". Under the rules of statutory interpretation, however, the legislature is presumed to have intended every word to have its plain and common meaning. Kolocotronis v. Ritterbusch, 667 S.W.2d 430,434 (Mo.App., W.D. 1984); Sermchief v. Gonzales, 660 S.W.2d 683,688 (Mo. banc 1983). Webster's New World Dictionary (2nd ed.) defines "investigate" as "to search into so as to learn the facts; inquire into systematically. . . ." In State v. Taylor,673 P.2d 1140 (Kan. 1983), the Kansas Supreme Court noted that in performing an investigation "police officers must obtain necessary information from individuals. . . ." Id. at 1144. An appellate court in California interpreted the term investigation in a California statute to mean "a patient inquiry into, and examination of all reasonably available facts. . . ." People v.One 1941 Chevrolet Coupe, 248 P.2d 786, 789 (Cal.App., (1952).
It seems clear, therefore, that an "investigation" is not determined by the results of an inquiry, but rather by the fact that an inquiry was made. It is the gathering of information by an office to determine whether injury occurred or the extent of property damage that makes an investigation and not what the investigation reveals. In other words, when a law enforcement officer takes action to gather information about an accident, either through arriving at the accident scene or talking to witnesses or the participants, that officer is investigating that accident regardless of the extent of injury or damage disclosed.
Section 43.250, however, does not require a report be submitted for all investigations. Instead the Missouri legislature has established those accidents involving injury or $500 in property damage as the reporting criteria. The statutory criteria does not use a "tow-away" threshold as a basis for when an accident report must be filed. The express mention of one thing in a statute implies the exclusion of all others,Harrison v. MFA Mutual Insurance Company, 607 S.W.2d 137, 146
(Mo. banc 1980), and it is rational to assume that the legislature did not intend to permit a "tow-away" criteria.
For this reason the answer to your second inquiry is that the "tow-away" criteria set out above does not comply with Section 43.250. The statute is very specific in its requirement when an accident report must be filed. A report shall be filed in (1) cases involving injury, death or "total property damage to an apparent extent of five hundred dollars or more to one person," or (2) when an officer "otherwise prepares a written report as a result of an investigation." An officer may choose to prepare a report for accidents that do not involve injury or $500 in property damage, but no discretion is permitted when injury, death or $500 in property damage to one person is apparent. Where a statute limits the doing of a particular thing in a prescribed manner, it necessarily includes in the power granted the negative that it cannot be otherwise done. State v. County of Camden, 394 S.W.2d 71, 77 (Mo.App., Sp. D. 1965).
We conclude that a law enforcement officer "investigates" an accident under Section 43.250, RSMo, when he or she makes an inquiry into the facts relevant to an accident, regardless of what that inquiry discloses. If upon investigation, the officer determines that death, injury or apparent property damage of $500 or more to one person has occurred, Section 43.250, RSMo. requires that the officer submit an accident report to the Missouri State Highway Patrol regardless of whether any vehicle is or is not towed from the accident scene.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General