Filed 1/21/15  Trejo v. Arriaga CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MARCO A. TREJO,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LUIS M. ARRIAGA,<br><br>    Defendant and Respondent. | D064410<br><br><br>(Super. Ct. No. ECU03552) |

APPEAL from a judgment and order of the Superior Court of Imperial County, Juan Ulloa, Judge.  Affirmed.

Law Offices of Francisco Javier Aldana and Francisco J. Aldana for Plaintiff and Appellant.

Walker & Driskill, Steven M. Walker, Mitchell A. Driskill, and Martin A. Gonzalez for Defendant and Respondent.

Plaintiff and appellant Marco A. Trejo appeals a judgment granting nonsuit to defendant and respondent Luis M. Arriaga.  Trejo contends the court erred by finding

insufficient evidence was presented to support his claims. Additionally, Trejo argues the trial court erred in holding him individually liable for Arriaga's attorney fees. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 1996, Marco A. Trejo and Luis M. Arriaga formed a closely held corporation named A&T Baja Export, Inc (A&T). A&T was created for the purpose of providing authorized inspection facilities for the exportation of produce and meats from the United States to Mexico. Trejo and Arriaga were the only shareholders in the corporation. Arriaga was designated as the president of the corporation. Trejo and Arriaga each owned 50 percent of the stock and were the only directors of the company. A&T operated from 1996 to 2005.

On March 14, 2007, Trejo filed a complaint against Arriaga for individual damages for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, conversion, and fraud. Trejo alleged that in May 2005 Arriaga obtained inspection permits in his own name rather than for A&T. Trejo claimed that these permits prevented A&T from continuing to provide facilities for the inspection of produce and merchandise by Mexican inspectors. Trejo further alleged that Arriaga started his own company, A&U Mex. Exports, on A&T's leased premises. Additionally, Trejo claimed Arriaga wrongfully used company assets for his own benefit.

On September 8, 2010, Trejo filed an amended complaint changing the lawsuit to a derivative shareholder action.

2

On March 13, 2013, Arriaga filed a motion to dismiss the case for delay in prosecution.[1]

On April 2, 2013, Trejo filed a trial brief and a bench trial commenced that same day.[2] After Trejo's opening statements, Arriaga moved for a judgment on the pleadings or alternatively nonsuit. (Code Civ. Proc.,[3] § 581c, subd. (a).) Arriaga argued that Trejo failed to state a valid cause of action in his individual capacity and that A&T's corporate claims were time-barred by the five-year dismissal rule. (§ 583.310.) Trejo requested and the court allowed further briefing on the issues.

Trial resumed on April 4, 2013, and the court heard Arriaga's motion. The trial court "affirmed in part and over-ruled" in part. The trial court concluded that Trejo could bring a timely derivative claim against Arriaga on behalf of A&T. The matter was continued first to May 6, 2013 and then to May 8, 2013.

On May 8, 2013, Trejo was called as a witness to testify about the allegations in his amended complaint. Trejo testified about A&T's "average income" between 1996 and 2005. However, Trejo did not support his testimony with any business records and did not lay any foundation for his testimony. He did not testify about the numbers used to

---

[1]     Arriaga argues that this action should have been dismissed because it was not brought to trial within five years. However, we decline to address this issue given Arriaga's multiple stipulations to continue this action, and because other issues are dispositive.

[2]     The trial proceedings were not reported. There is a reporter's transcript provided from pretrial proceedings, but they are not pertinent here.

[3]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

3

calculate that "average income" or clarify whether such an "average income" was gross or net income. Trejo also called his son Arturo Trejo as a witness. Arturo did not testify about any damages to A&T. Following the presentation of his case, Trejo filed a declaration in which he confirmed his testimony from the May 8, 2013 proceedings.

Arriaga filed a motion for nonsuit claiming that Trejo had failed to produce sufficient evidence to support his claim of damages. Arriaga argued to the court that Trejo's evidence was solely based on his testimony which was unsupported by any foundation or documentary evidence. The court granted the motion for nonsuit.

On June 25, 2013, Arriaga filed a motion for prevailing party attorney fees pursuant to a commercial lease agreement with Trejo. (Civ. Code, § 1717.) The court granted the motion in the amount of $55,608. Trejo appeals the judgment and attorney fee order.

## DISCUSSION

Trejo raises two issues on appeal. First, he argues the trial court erred in granting Arriaga's motion for nonsuit. Specifically, Trejo contends that his testimony during trial provided sufficient evidence to support his claims for damages. Second, Trejo argues the trial court erred in granting Arriaga's motion for attorney fees because he should not be personally liable for such fees. We find both arguments unpersuasive.

4

# I

## *APPLICABLE STANDARD FOR MOTION FOR NONSUIT*

We begin by describing the appropriate standard of review for evaluating nonsuit motions.  In this bench trial, the defendant Arriaga moved for a nonsuit after Trejo's presentation of his evidence.

A defendant is entitled to a nonsuit if the trial court determines that, as a matter of law, the evidence presented by plaintiff is insufficient to permit a jury or court to find in his favor.  (§ 581c, subd. (a); *Campbell v. General Motors Corp.* (1982) 32 Cal.3d 112, 117.)  A trial court's ruling on a motion for nonsuit is "reviewed for the existence of substantial evidence."  (*OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.* (2007) 157 Cal.App.4th 835, 845.)  " 'In determining whether plaintiff's evidence is sufficient, the court may not weigh the evidence or consider the credibility of witnesses. Instead, the evidence most favorable to plaintiff must be accepted as true and conflicting evidence must be disregarded.  The court must give "to the plaintiff['s] evidence all the value to which it is legally entitled, . . . indulging every legitimate inference which may be drawn from the evidence in plaintiff['s] favor . . . ." ' "  (*Carson v. Facilities Development Co.* (1984) 36 Cal.3d 830, 838-839 (*Carson*); *Nally v. Grace Community Church* (1988) 47 Cal.3d 278, 291.)  "A mere 'scintilla of evidence' does not create a conflict for the jury's resolution; 'there must be substantial evidence to create the necessary conflict.' "  (*Ibid.*, italics omitted.)  Substantive evidence is not synonymous with any evidence, but must be reasonable, credible, and of solid value.  (*OCM Principal*

*Opportunities Fund., supra,* at p. 845; *Kuhn v. Department of General Counsel Services* (1994) 22 Cal.App.4th 1627, 1633.)

"In an appeal from a judgment of nonsuit, the reviewing court is guided by the same rule requiring evaluation of the evidence in the light most favorable to the plaintiff. 'The judgment of the trial court cannot be sustained unless interpreting the evidence most favorably to plaintiff's case and most strongly against the defendant and resolving all presumptions, inferences and doubts in favor of the plaintiff a judgment for defendant is required as a matter of law.' " (*Carson, supra,* 36 Cal.3d at p. 839; *Mason v. Peaslee* (1959) 173 Cal.App.2d 587, 588.)

II

*THE INCOMPLETE RECORD FAILS TO SUPPORT*
*THE APPEAL OF THE NONSUIT RULING*

Under the applicable standard of review, Trejo has not met his burden as an appellant. Trejo failed to provide us with a reporter's transcript or any other adequate statement of the evidence. Generally, appellants in ordinary civil appeals must provide a reporter's transcript at their expense. (*City of Rohnert Park v. Superior Court* (1983) 146 Cal.App.3d 420, 430-431.) In lieu of a reporter's transcript, an appellant may submit an agreed or settled statement. (*Leslie v. Roe* (1974) 41 Cal.App.3d 104, 108; Cal. Rules of Court, rule 8.137.)

In many instances, appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcripts or suitable substitutes were provided. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296; *Ballard v. Uribe* (1986) 41 Cal.3d

6

564, 574-575; *In re Kathy P.* (1979) 25 Cal.3d 91, 102.) The justification for these holdings follows from the cardinal rule of appellate review that the judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. 'If any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented.' " (*Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127.)

This established principle of appellate practice is an aspect of the constitutional doctrine of reversible error. (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610.) " 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) "Consequently, [appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant]." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)

We first acknowledge that Trejo complains the settled statement is inadequate. However, the statement has not been shown to be out of compliance with the procedures of California Rules of Court, rule 8.137(c).

Next, Trejo's claim that the trial court erred in granting Arriaga's motion for nonsuit cannot be resolved because there is no adequate reporter's transcript or other

7

record. Trejo references several portions of the clerk's transcript in his brief to argue that Arriaga's actions in forming his own company damaged A&T. However, Trejo provides nothing which might demonstrate error in the trial court's granting of Arriaga's nonsuit motion. The trial court's decision cannot be evaluated using only selected portions of the clerk's transcript. Without a reporter's transcript we cannot undertake a meaningful review of Trejo's arguments on appeal.

Moreover, the settled statement as a replacement for the reporter's transcript is not helpful. The settled statement approved by the court states that, "Trejo did not support his testimony with any business records, he did not lay foundation for his testimony, did not testify about the numbers used to calculate the 'average income' and did not testify whether the average income was gross or net income." Thus, in the absence of a reporter's transcript of trial, this court can only look to the settled statement and the existing record to review the trial court's decision. Trejo did not show any competent evidence outside of the settled statement that would allow this court to find the trial court erred in granting the motion.

Without a proper record, we cannot determine what findings, if any, the trial court made in evaluating the evidence and in granting the nonsuit motion. (*Carson, supra,* 36 Cal.3d 830 at pp. 838-839.) The absence of a meaningful record compels us to affirm the lower court's granting of Arriaga's nonsuit motion.

III

*ATTORNEY FEES ISSUES*

Trejo further contends on appeal that the trial court erred in holding him individually liable for the attorney fees awarded to Arriaga. We disagree.

Under the traditional rule, the "appellate court reviews a trial court's award of attorney fees for abuse of discretion." (*Robbins v. Alibrandi* (2005) 127 Cal.App.4th 438, 452; *Westside Community for Independent Living, Inc. v. Obledo* (1983) 33 Cal.3d 348, 355; *Lealao v. Beneficial California, Inc.* (2000) 82 Cal.App.4th 19, 25.) However, "the trial court's discretion must be based on proper matter." (*Robbins, supra,* at p. 452.) In reviewing the trial court's exercise of discretion, relevant considerations include both the particular facts of the case, as disclosed in the record, and the applicable law.

Where a trial court's discretionary decision depends on the facts of the case, its decision must find support in the evidentiary record, since a consideration of the evidence "is essential to a proper exercise of judicial discretion." (*Johns v. City of Los Angeles* (1978) 78 Cal.App.3d 983, 998.) "We do not defer to the trial court's ruling when there is no evidence to support it." (*Robbins v. Alibrandi, supra,* 127 Cal.App.4th at p. 452.)

Nevertheless, "de novo review of such a trial court order is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law." (*Carver v. Chevron USA, Inc.* (2002) 97 Cal.App.4th 132, 142.)

9

Trejo concedes the trial court could properly award attorney fees against A&T. The lease agreement evidently provides a basis for prevailing party attorney fees.[4] (Civ. Code, § 1717.) Trejo argues he cannot be held individually liable because this lawsuit was brought as a derivative shareholder action instead of a breach of contract claim. Yet, Trejo's contention ignores previous California court decisions which have found shareholders individually liable for attorney fees in derivative lawsuits. (*Brusso v. Running Springs Country Club, Inc*. (1991) 228 Cal.App.3d 92, 109 (*Brusso*).) In *Brusso*, the court stated the "substantial benefit doctrine" allowed the defendants to recover attorney fees from shareholders based on principles of equity. (*Id.* at p. 111.) The appellate court affirmed and referenced the lower court's reasoning for awarding attorney fees to the defendant:

> " 'The question of who is liable for the attorney fees is a more difficult one. Had Plaintiffs prevailed it appears they could have recovered attorneys fees from defendants on the theory that their action provided a substantial benefit to the corporation. [Citation.] Conversely, when plaintiffs lose a shareholder's derivative action it seems appropriate that they, not the corporation, must bear the burden of costs and attorneys fees. After all, plaintiffs undertook the action because the corporation failed to act, and, as it turned out, for good reason. Therefore, they take the risk that they might have to pay if they are unsuccessful. Otherwise, they could prosecute frivolous lawsuits on the corporation's behalf without fear if only the corporation were liable.' " (*Id.* at pp. 99-100.)

---

4      Trejo is a signatory to a lease agreement between Arriaga and A&T. Under this agreement, Arriaga is the lessor and A&T the lessee. The agreement provides, "In case suit should be brought for recovery of the premises, or for any sum due hereunder, or because of any act which may arise out of the possession of the premises, by either party, the prevailing party shall be entitled to all costs incurred in connection with such action, including a reasonable attorney's fee."

10

Likewise, had Trejo prevailed here, he would have likely recovered attorney fees because of a substantial benefit to A&T. Trejo initiated the derivative lawsuit with presumed knowledge of the risk that he might be liable under the lease provisions if he lost. Thus, it would be inequitable to prevent Arriaga from being able to recover attorney fees.

We are prevented from any other means of reaching the merits of this claim, due to the absence of an adequate record to challenge the rationale for the award. "Our review is governed by well-settled principles. As with any civil appeal, we must presume the judgment is correct, indulge every intendment and presumption in favor of its correctness, and start with the presumption that the record contains evidence sufficient to support the judgment." (*Steele v. Youthful Offender Parole Bd.* (2008) 162 Cal.App.4th 1241, 1251.)

On this sparse record, we are unable to accept Trejo's arguments the trial judge abused his discretion in holding Trejo individually liable for Arriaga's attorney fees. The clerk's transcript reveals that the judge granted the motion, yet we have been directed to no record which demonstrates why the judge ruled the way he did. Without a reporter's transcript this court has looked to the settled statement. However, that statement does not disclose any basis for finding that the trial court abused its discretion in awarding the attorney fees and holding Trejo individually liable.

Since Trejo has provided no support for his contentions, there is no apparent legal basis for reversal of the order and judgment awarding attorney fees.

11

DISPOSITION

The judgment and order are affirmed.  Costs on appeal are awarded to respondent.


HUFFMAN, Acting P. J.

WE CONCUR:


McDONALD, J.


McINTYRE, J.